[Civ. No. 35662. First Dist., Div. One. Aug. 14, 1975.]

WILLIAM C. ULRICH, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
PALLETTS UNLIMITED, INC., et al., Respondents.

644

COUNSEL

Maurice S. Marcus and Richard A. Hellesto for Petitioner.

Frank H. Batlin, Philip M. Miyamoto, Thomas J. McBirnie, Hanna, Brophy, MacLean, McAleer & Jensen and Carl J. Weber for Respondents.

OPINION

THE COURT*—By his petition for writ of review petitioner seeks review of an order of respondent board which denied his petition for reconsideration of a referee's order denying and dismissing his petition for the assessment of a 10 percent penalty on an award of $5,670 for permanent disability made by a referee on August 15, 1973, and paid January 17, 1974, 13 days after denial of a writ of review. Following summary denial of the petition by this court the Supreme Court granted a petition for hearing and, without comment, retransferred the petition to this court with directions to issue a writ of review to be heard when the proceeding was ordered on calendar. A writ of review was issued and following oral hearing[1] the matter has been submitted on the petition for review, the answer to petition for review filed by respondent Workmen's Compensation Appeals Board with this court, the petitioner's reply to that answer to his petition for writ of review, the petitioner's petition for hearing in the Supreme Court, the answer of respondents employer and insurance carrier to petitioner's petition for hearing, the return to the writ of review filed by respondent board, supplemental argument filed by respondent carrier by leave of court, and a reply thereto on behalf of petitioner.

For reasons set forth below we have concluded that the order dismissing petitioner's application for the assessment of a 10 percent penalty must be affirmed. Petitioner has set forth the question involved

---

*Before Molinari, P. J., Sims, J., and Elkington, J.

[1]Although petitioner, in his reply to the carrier's supplemental argument, alleges he never received notice of oral argument in this matter, the records of the court reflect that on May 14, 1975, all of the parties were mailed a letter requesting advice as to whether oral argument was desired, that respondent carrier by letter, which indicates a copy was mailed to petitioner, requested such argument, and that on May 30, 1975, a letter was mailed to each of the parties advising them that oral argument would be held on June 24, 1975.

as follows: "When findings and award issue and applicant requests payment of the same while defendants are exhausting their appellate rights, must the defendants post bond as required by Labor Code § 6000 if they do not wish to make payment of the moneys due under the award and if this is not done, is the delay in payment after demand an unreasonable delay in the payment of compensation benefits?" It is obvious that this is a compound question involving, first, what are the consequences of failure to post a bond under the provisions of section 6000 of the Labor Code, and, second, what is an unreasonable delay or refusal to pay compensation within the provisions of section 5814.

The salient facts as they appear from the return to the writ of review are as follows:

August 15, 1973. Findings and award were filed which reflect that all temporary disability caused by petitioner's injury March 2, 1966, had been compensated by full salary paid by the employer; that all medical treatment was furnished by the employer; that the injury caused permanent disability of 27 percent; and that the petitioner was entitled to litigation costs and his attorney to a fee and costs. The award was for further medical treatment as may be reasonably required, litigation costs and "Permanent disability indemnity in the total amount of $5,670.00, payable forthwith, . . ." Of this sum $700 was to be paid applicant's attorney.

August 30, 1973. The carrier executed and filed August 31, 1973, a petition for reconsideration (§ 5903) attacking the referee's finding that they were estopped to plead the statute of limitations because an agent of the carrier told the president of the employer that petitioner, as an officer of the corporation, was not covered.

September 11, 1973. The applicant's attorney executed and filed September 12, 1973, his answer to the carrier's petition. (§ 5905.)

September 12, 1973. The board extended the time to act on the petition for reconsideration to 30 days from and after September 30, 1973.

September 28, 1973. The referee filed his report and recommendation on the petition.

October 15, 1973. The board filed its opinion and order denying the petition for reconsideration.

November 14, 1973. The defendants filed a petition for writ of review.

January 4, 1974. The petition for writ of review was summarily denied after the attorney for the applicant, but not the board, filed an opposing brief.

January 17, 1974. The defendants made payment of the moneys due the applicant under the August 15, 1973 award.

■ On the filing of the petition for reconsideration the award was suspended for a period of 10 days under the provisions of section 5910.[2] (See Cal. Workmen's Compensation Practice (Cont. Ed. Bar 1973) § 9.23, p. 314 and § 10.38, p. 347; and 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (1972 rev. ed.) § 605 [2] [f], p. 6-20, and § 7.02 [4] [c], p. 7-14.) In the absence of a stay the award may be enforced after the expiration of the 10-day period. (See *Greitz* v. *Sivachenko* (1957) 152 Cal.App.2d 849, 851 [313 P.2d 922]; and Cont. Ed. Bar, *op. cit.*, § 10.38, p. 347; and Hanna, *op. cit.*, § 605 [2] [e], pp. 6-19/20.) Nevertheless, such enforcement does not follow as a matter of course. The obtaining of a certified copy of an award is a prerequisite to any formal steps for enforcement. (§ 5806; and Workmen's Compensation Appeals Board Rules, § 10820. See Cont. Ed. Bar, *op. cit.*, § 9.16, pp. 309-310, and § 9.19, p. 312; and Hanna, *op. cit.*, § 605 [3] [a], p. 6-21/22.) The applicant is not entitled to such a certified copy as a matter of right. Section 5808 provides in part, "Where it is desirable to stay the enforcement of an order, decision, or award and a certified copy thereof and of the findings has not been issued, the appeals board or a member thereof may order the certified copy to be withheld with the same force and under the same conditions as it might issue a stay of execution if the certified copy had been issued and judgment entered thereon." (See *Findley* v. *Industrial Acc. Com.* (1925) 75 Cal.App. 178, 179-180 [241 P. 912].) The conditions under which a stay of execution may be granted are set forth in the first part of the section as follows: ". . . upon good cause appearing therefor," and upon such "terms and conditions" as may be imposed. The rules recognize the right of the appeals board to withhold a certified copy of the award.[3] Although the rules suggest "in its

---

[2]Section 5910 provides: "The filing of a petition for reconsideration shall suspend for a period of 10 days the order, decision, or award affected, insofar as it applies to the parties to the petition, unless otherwise ordered by the appeals board. The appeals board upon the terms and conditions which it by order directs, may stay, suspend, or postpone the order, decision, or award during the pendency of the reconsideration."

[3]Section 10825 of the Rules of the Workmen's Compensation Appeals Board provides: "As an alternative to the issuance of an order staying execution, the Appeals Board may

discretion the Appeals Board may require the filing of a bond from an approved surety" (§ 10825, subd. (a), see fn. 3 above), the general practice is noted as follows: "As a general rule, the Appeals Board does not issue certified copies of awards during the pendency of petitions for reconsideration or following the granting of such petitions. Exceptions to the rule are sometimes made in cases of uninsured employers." (Hanna, *op. cit.,* § 605 [2] [f], p. 6-20; see also § 7.02 [4] [c], p. 7-15.) This is so because, as has been observed, "There is seldom any difficulty in obtaining payment of the obligations of insurers and self-insurers, for the law requires them to guarantee the payment of their liabilities by the deposit of securities or satisfactory bond." (Hanna, *op. cit.,* § 6.05 [1], p. 6-17, fn. omitted. See also Cont. Ed. Bar, *op. cit.,* § 11.51, pp. 381-382.) Section 3700 provides that employer must secure his payment of compensation by insurance with "one or more insurers duly authorized to write compensation insurance in this State" or by securing "a certificate of consent to self-insure." In the latter case the employer is required "to deposit either a surety bond or securities . . . . to secure incurred liabilities for the payment of compensation." (§ 3701.) An insurer seeking authority to write compensation insurance must maintain a bond conditioned that the surety will pay any award which the insurer fails to pay. (Ins. Code, §§ 11690-11704.)

Applicant made no demand and took no steps to enforce the award during the period that the matter was before the appeals board upon the petition for reconsideration. On October 31, 1973, 16 days after the appeals board filed its opinion and order denying petition for reconsideration and before a petition for writ of review was filed with the Court of Appeal, the applicant's attorney advised the defendants' attorneys that he would seek execution to satisfy the award if the defendants did not either pay or secure a stay order.[4] On November 14, 1973, the defendants

by order direct that no certified copy be issued, which order shall have the same force and effect as an order staying execution issued under similar circumstances. [¶] (a) Before staying execution or issuing order withholding issuance of a certified copy of an order, decision or award, in its discretion the Appeals Board may require the filing of a bond from an approved surety equivalent to twice the probable amount of liability in the case. [¶] (b) Such bond shall be filed in the record of the case." (Cal. Admin. Code, tit. 8, § 10825.)

[4]This ultimatum reads: "We believe that you are aware that your Petition for Reconsideration stayed your being required to comply with the order of the Board heretofore made in this matter on August 15, 1973 for but 10 days. If you are not prepared to make payment forthwith now that the Petition for Reconsideration has been denied, we would suggest that you obtain a stay order from the Board. If you file for a Writ of Review, we would suggest that you post the necessary bond, or in the alternative, we will ask to have a certified copy of the Findings and Award issued and seek to obtain satisfaction of our client's benefits by execution."

On the same date the attorney sent to the appeals board his petition for additional

filed their petition for review. They did not pay the award, nor did they post a stay bond or furnish security other than that posted by the insurer to qualify in this state, nor did they secure an order directing that no certified copy of the award be issued.

Section 5956 provides: "The filing of a petition for, or the pendency of, a writ of review shall not of itself stay or suspend the operation of any order, rule, decision, or award of the appeals board, but the court before which the petition is filed may stay or suspend, in whole or in part, the operation of the order, decision, or award of the appeals board subject to review, upon the terms and conditions which it by order directs, except as provided in Article 3 of this chapter."

Article 3 of the same chapter deals with the undertaking on a stay order issued by the court. Section 6000 states, "The operation of any order, decision, or award of the appeals board under the provisions of this division or any judgment entered thereon, shall not at any time be stayed by the court to which petition is made for a writ of review, unless a written undertaking is executed on the part of the petitioner by two or more sureties."[5]

The procedure under these sections has been outlined as follows: "There is no automatic stay of an order, decision, or award upon the filing of a petition for writ of review. On the contrary, it is specifically provided by statute that the Appeals Board's decision shall not be stayed by a court to which petition is made for writ of review unless a written undertaking is executed on the part of the petitioner." (Hanna, *op. cit.*, § 10.04 [1], pp. 10-10/11; see also § 6.05 [2] [g], p. 6-20; and Cont. Ed. Bar, *op. cit.*, § 11.49, p. 381.) The practice is described: "As a matter of practice, stay bonds are rarely necessary in proceedings on review, and it

attorney's fees by reason of the proceedings in connection with the petition for reconsideration, and, with the approval of the applicant, he was granted the $100 he requested.

[5]Section 6001 deals with the provisions of the undertaking and includes the following, ". . . (b) If the order, decision, or award appealed from, or any part thereof, is affirmed, or the proceeding upon review is dismissed, the petitioner will pay the amount directed to be paid by the order, decision, or award or the part of such amount as to which the order, decision, or award is affirmed, and all damages and costs which are awarded against the petitioner." Subdivision (c) requires payment "within 30 days after the filing with the appeals board of the remittitur from the reviewing court, . . ."

Section 6002 provides: "The undertaking shall be filed with the appeals board. The certificate of the appeals board, or any proper officer thereof, of the filing and approval of such undertaking, is sufficient evidence of the compliance of the petitioner with the provisions of this article."

has become customary not to file a stay bond unless it is specifically requested by the opposing party, or unless effort is actually made to obtain execution. There are good reasons for this custom. The solvency of a petitioning insurance carrier or self-insured employer does not require guarantee, in view of the fact that such parties already. have securities or a general bond on deposit with the Insurance Commissioner for the purpose of meeting compensation liabilities. . . . As a general rule, if any threat of execution develops before the petitioner has opportunity to file his petition for review, relief may be sought through application to the Appeals Board for a stay of execution, on filing a bond at that time." (Hanna, *op. cit.,* § 10.04 [2] [c], pp. 10-11/12; see also § 6.05 [2] [g], pp. 6-20/21; and Cont. Ed. Bar, *op. cit.,* §§ 11.50 and 11.51, pp. 381-382.) In the latter text the authors' note "Since the undertaking [required by Lab. Code, §§ 3700-3701 and Ins. Code, §§ 11690-11719] is to ensure satisfaction of money awards, an additional bond or deposit would be superfluous." (Cont. Ed. Bar, *op. cit.,* § 11.51, p. 382.)

Applicant's attorney did not immediately carry out his threat to obtain satisfaction of his client's benefits by execution. Instead he filed the petition giving rise to these proceedings—a petition for assessment of 10 percent penalty, filed November 20, 1973, in which, after alleging that findings and award issued as set forth above, that defendants had filed a petition for review, and that defendants had failed to pay the award, he states as a conclusion of law that "in the absence of filing a written undertaking as required by Labor Code Section 6000, the failure to pay Applicant the moneys to which he is entitled under the Findings and Award aforementioned is an arbitrary and unreasonable delay in the payment of compensation benefits." He prayed "that a 10% penalty be assessed against the defendants herein if they do not pay Applicant the moneys to which he is entitled under the Findings and Award aforementioned within seven days from the date of this Petition, or, in the alternative, post a written undertaking as required by *Labor Code Section* 6000 within said period of time." On December 3, 1973, the carrier answered, pointed out that it had a bond securing its liability with the Insurance Commission and urged denial of the petition as a matter of harassment.

Applicant's attorney then on December 10, 1973, mailed a petition requesting the issuance of a certified copy of the findings and award for the purpose of taking execution out against the employer and his carrier. (See § 5806.) To this request the appeals board made the following reply through a deputy commissioner on December 26, 1973. "Please be

advised that because this matter is presently pending on a Petition for Writ of Review to the California Appellate Court, certified copies will be presently withheld under Labor Code Section 5808 and Board Rules 10820 through 10825. Your check dated December 10, 1973, is accordingly returned to you, and your petition for copy of Findings and Award shall be deemed denied at this time."

Applicant sought no relief from the denial of his request. It therefore may be unnecessary to determine whether the power of the court to stay proceedings to enforce an award after the filing of a writ of review under sections 5956 and 6000 exists concurrently with the powers conferred in the appeals board and its members by the provisions of section 5808, or whether the former displaces the latter. (See *Findley* v. *Industrial Acc. Com., supra,* 75 Cal.App. 178, 180, where a certified copy of award was refused petitioner on representation of respondent that petition for review would be filed.) The fact remains that in this case it was determined that it was desirable to stay the enforcement of the award pending determination of the writ of review by withholding a certified copy of the award. No bond was required as a condition of that stay. If there was error in that finding or decision it perhaps should not be reviewed in these proceedings. ■ Insofar as petitioner has interjected that matter into this review by alleging that he filed a petition for a certified copy of findings and award, and by attaching a copy of that petition to his petition for review, we have no hesitancy in ruling that the commissioner [board member] did not abuse his discretion in withholding the certified copy without the necessity of additional bond when an admitted insurer had a reasonable basis for seeking review of a legal issue as to which there was a genuine doubt.

It is therefore absurd to contend that the delay in payment was occasioned by the failure of the respondents, carrier and employer, to post a bond. The award was paid within two weeks after the court decision was filed, long before 30 days after the remittitur was filed with the commission, as required by subdivision (b) of section 6001. (See fn. 5 above.)

■ The fact that payment of the award was delayed by the pendency of a petition for review, for which there is a reasonable basis, is not a ground for the assessment of a penalty under the provisions of section 5814.[6] The applicable principles were enunciated in *Kerley* v. *Workmen's*

---

[6]Section 5814 provides, "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full

*Comp. App. Bd.* (1971) 4 Cal.3d 223 [93 Cal.Rptr. 192, 481 P.2d 200], as follows: "In summary, we hold that the only satisfactory excuse for delay in payment of disability benefits, whether prior to or subsequent to an award, is genuine doubt from a medical or legal standpoint as to liability for benefits, and that the burden is on the employer or his carrier to present substantial evidence on which a finding of such doubt may be based." (4 Cal.3d at p. 230.) It has long been recognized that the exercise of a right accorded by law, at least in a case in which there is a reasonable basis to seek reconsideration and review on a legal issue as to which there is a genuine doubt, cannot give rise to the imposition of a 10 percent penalty under the provisions found in section 5814. In *Ruk* v. *Gotham Instrument Co., Inc.* (1948) 14 Cal.Comp.Cases N.S. 160, the Industrial Accident Commission upheld the denial of a penalty which the applicant had sought on the ground of alleged dilatory tactics of the employer and its carrier who pursued their cause through a denial of hearing by the Supreme Court. There, as in this case, one of the issues was raised by the fact that the application was filed after the time provided by the statute of limitations. (See 14 Cal. Comp. Cases N.S. at p. 161.) *Ruk* was cited, with apparent approval, as an example of cases where the penalty was unjustified in *Reynolds Elec. etc. Co.* v. *Workmen's Comp. App. Bd.* (1966) 65 Cal.2d 438 at page 445 [55 Cal.Rptr. 254, 421 P.2d 102]. (Cf. *Kerley* v. *Workmen's Comp. App. Bd., supra,* 4 Cal.3d 223, 230, fn. 9, distinguishing *Ruk* as a case where there was substantial doubt as to whether any liability existed.) In *Reynolds* the court overturned the commission's finding imposing a penalty. The court found it was reasonable to delay payment pending determination of the question of whether California or Nevada had jurisdiction over the claim. (See 65 Cal.2d at pp. 444-446. See also *Findley* v. *Industrial Acc. Com., supra,* 75 Cal.App. 178, 180.)

In this case there is no showing that there was not genuine doubt from a legal standpoint as to the liability for permanent disability. A week after the petition for review was summarily denied the attorney for the applicant filed petitions for additional attorney's fees and costs. The former petition sought $250 because the attorney was required to spend considerable time and research in the preparation and filing of an answer to the petition for review. It nowhere appears that the applicant sought or was granted any relief under the provisions of section 5801, which

amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

provide for an award against the respondent where there is no reasonable basis for the petition.[7]

In the absence of evidence to the contrary it must be assumed that the applicant was compensated for the delay in the payment of compensation, incurred by reason of the respondents' pursuit of their legal rights, by the payment of interest on the amount awarded. (§ 5800; see *Myers* v. *Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 621, 626 and 629 [83 Cal.Rptr. 427].)

The decision of the appeals board is affirmed with costs to respondents.[8]

---

[7]Section 5801 provides in pertinent part, ". . . [¶] In the event the injured employee or the dependent of a deceased employee prevails in any petition by the employer for a writ of review from an award of the appeals board and the reviewing court finds that there is no reasonable basis for the petition, it shall remand the cause to the appeals board for the purpose of making a supplemental award awarding to the injured employee or his attorney, or the dependent of a deceased employee or his attorney a reasonable attorney's fee for services rendered in connection with the petition for writ of review. Any such fee shall be in addition to the amount of compensation otherwise recoverable and shall be paid as part of the award by the party liable to pay such award."

On March 20, 1974, the petitioner was allowed additional medico-legal costs of $51.19 of which $16.63 represented printing expense in connection with the answer to the petition for review. These costs were assessed against the defendant. Petitioner's attorney was allowed $200 attorney's fees and the defendant carrier was directed to withhold that sum from the award and pay the attorney.

[8]If it were not for the fact that his petition has been lent merit by the action of the Supreme Court in granting petitioner's petition for hearing, we would be disposed to award attorney's fees to respondents because of a frivolous appeal in addition to such costs as might otherwise be assessed on review. (See Lab. Code, § 5954; Code Civ. Proc.. §§ 1027, 1034 and 907; Cal. Rules of Court, rule 26(a); *Security-First Nat. Bank* v. *Superior Court* (1933) 134 Cal.App. 195 [25 P.2d 234]; and 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 173-175, pp. 3935-3937.)