[Civ. No. 9050.   Second Appellate District, Division One.—November 9, 1933.]

KATRINE BRUNAU et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, METRO–GOLDWYN–MAYER CORPORATION et al., Respondents.

Leo E. Anderson and Meserve, Mumper, Hughes & Robertson for Petitioners.

Arthur I. Townsend, Everett A. Corten and Willis I. Morrison for Respondents.

YORK, J.—This is an application by petitioners to set aside and annul an order of the Industrial Accident Commission made upon what they call a second petition for rehearing. ▇▇ Petitioners state that they "desire to review the legality of the action of the Industrial Accident Commission in considering the second petition for a rehearing and in granting it and annulling the award".

While no case has been cited as direct authority for the holding of the commission, there is *dictum* in the case of *Dalsheim* v. *Industrial Acc. Com.*, 215 Cal. 107 [8 Pac. (2d) 840], which supports the holding. However, the reasoning in that case, as we construe it, is practically this: Where the commission has granted a rehearing and upon such rehearing has made a different order than its original order and against the party in whose favor the first order was made, the party aggrieved by the second order has the right to make one application for a rehearing. In other words, while there might be a limitation to the granting by the commission of two petitions for rehearing to the same party, sections 64, 65 and 67 of the Workmen's Compensation Act should be construed to allow a rehearing of a decision which was rendered after a motion for rehearing had been granted, if upon such first rehearing the first decision rendered was reversed or a totally different decision rendered against the petitioner filing the second petition for rehearing, after such petitioner for such second rehearing

had been successful in securing an award in his favor upon the original hearing.

The *dictum* in the cited case is so reasonable, clear and decisive in its statement that, although the court states it to be purely *dictum*, it is a very convincing argument when applied to the facts involved in the instant case. In fact, in our opinion, it is determinative of the only real issue here present.

There is sufficient evidence set forth in the record before us to show that the commission had jurisdiction to make the finding complained of.

The commission being duly authorized to make its final order and decision of February 27, 1933, that final order and decision is affirmed.

Conrey, P. J., and Houser, J., concurred.