[Civ. No. 35465. First Dist., Div. Two. Mar. 17, 1975.]

EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY
OF WISCONSIN et al., Petitioners, v.
WORKMEN'S COMPENSATION APPEALS BOARD
and PABLO M. RODRIGUEZ, Respondents.

COUNSEL

J. Patrick Goodwin for Petitioners.

Frank H. Batlin, Philip M. Miyamoto, Thomas J. McBirnie, Morgan, Beauzay, Hammer, Ezgar, Bledsoe & Rucka and N. Michael Rucka for Respondents.

OPINION

**ROUSE, J.**—In this writ of review proceeding, we are called upon to determine procedures to be employed in making supplemental awards of attorney's fees for legal services performed in appellate proceedings in workers' compensation cases.

The matter arose when, following our summary denial of an employer's petition for a writ of review, the prevailing employee sought hearing in our Supreme Court on his request for an award of attorney's fees. In its answer to the petition, the Workmen's Compensation Appeals Board (hereinafter "board") suggested that some guidance with respect to the procedures to be employed in awarding attorney's fees in appellate proceedings was in order. Thereafter, on direction from the Supreme Court, we issued a writ of review.[1]

Section 5801 provides, in pertinent part, as follows: "In the event the injured employee or the dependent of a deceased employee prevails in any petition by the employer for a writ of review from an award of the appeals board and the reviewing court finds that there is no reasonable basis for the petition, it shall remand the cause to the appeals board for the purpose of making a supplemental award awarding to the injured employee or his attorney, or the dependent of a deceased employee or his attorney a reasonable attorney's fee for services rendered in connection with the petition for writ of review. Any such fee shall be in addition to the amount of compensation otherwise recoverable and shall be paid as part of the award by the party liable to pay such award."

The only reported case directing a supplemental award of attorney's

---

[1] All code section references hereafter will be to the California Labor Code.

fees under section 5801 is *California Comp. & Fire Co.* v. *Workmen's Comp. App. Bd.* (1968) 267 Cal.App.2d 297, at page 301 [72 Cal.Rptr. 782]. Unfortunately, that case offers us no guidance as to procedures to be employed when the employer's petition for writ of review is summarily denied. It has been our practice, in that instance, to make no separate ruling on the employee's request for attorney's fees.

In its answer to the petition, the board tells us that the more customary practice, where the employee prevails in his answer to an employer's petition for a writ of review, is for the employee's attorney to request the board to allow a supplemental attorney's fee as a lien under section 4903 against compensation awarded to the employee; further, that the board has allowed such supplemental attorney's fees upon request. The board also advises us that it does not consider a summary denial of a writ of review as necessarily meaning that there was no reasonable basis for the petition, and that it would not make any supplemental award under section 5801 without an order by the reviewing court directing such action.

The board expresses some concern about the possibility that making awards of attorneys' fees pursuant to section 5801 may have the effect of deterring employers from filing proper petitions for writs of review. At the same time, the board recognizes the fact that there are cases where the court may feel that the burden of attorney's fees should be assumed by the losing employer, rather than by the prevailing employee.

██ Section 5801 provides that attorney's fees may be awarded *in addition to* the amount of compensation otherwise recoverable and shall be paid as part of the award by the party liable to pay such award when the employee prevails upon a petition for writ of review initiated by the employer. This provision appears to be in the nature of a *penalty* assessed against the employer if the reviewing court finds that the petition has no reasonable basis. (See *California Comp. & Fire Co.* v. *Industrial Acc. Com.* (1961) 193 Cal.App.2d 6, 9 [13 Cal.Rptr. 885].) The provisions of section 5801 differ materially, therefore, from those of section 4903, subdivision (a), which permit the board to determine and allow *as liens against any sum to be paid as compensation* a "reasonable attorney's fee for legal services pertaining to any claim for compensation

either before the appeals board or before any of the appellate courts, and the reasonable disbursements in connection therewith."[2]

Thus, it appears that, unless the reviewing court rules favorably upon an employee's request for attorney's fees made pursuant to section 5801, the employee, rather than the employer, must bear the cost of defending the employer's unsuccessful petition in the reviewing court, even though the obvious purpose of that section is to shift the burden of attorney's fees to the employer when the reviewing court finds no reasonable basis for the petition.

We believe that .the practice of denying requests for attorney's fees made pursuant to section 5801 *sub silentio*, following a denial of an employer's petition, should be discontinued and that, in each instance in which the injured employee prevails upon an employer's petition for a writ of review, the reviewing court should make a separate ruling upon any request for attorney's fees made pursuant to section 5801.

We do not believe that such procedure will deter an employer from filing a proper petition for writ of review, since the Legislature has determined that attorney's fees may be assessed against the employer only in those cases where the reviewing courts find that there is *no* reasonable basis for such petition.

■ For the guidance of those concerned, we set forth two circumstances, illustrated by these proceedings, in which a court may conclude that there is no reasonable basis for the petition:[3]

*First*, when an employer contends that an award is not supported by substantial evidence and a review of the evidence shows that the award is supported by the competent opinion of one physician, although inconsistent with other medical opinions (*Smith* v. *Workmen's Comp. App. Bd.* (1969) 71 Cal.2d 588, 592 [78 Cal.Rptr. 718, 455 P.2d 822]; *LeVesque* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 639 [83 Cal.Rptr. 208,

---

[2]Section 5801 and section 4903, subdivision (a), govern awards of attorney's fees and costs in appellate proceedings. Section 5801 inexplicably does not encompass costs; thus, an award of costs in appellate proceedings may not be made except pursuant to section 4903, subdivision (a). The provisions of section 5811, which permit the board to allow costs as between the parties in proceedings "before the appeals board," are not applicable to appellate proceedings.

[3]We do not intend to suggest that the circumstances illustrated here are the only circumstances under which a court may find that there is no reasonable basis for the petition.

463 P.2d 432]), a court may find that there is no reasonable basis for the petition.

*Second,* when an employer raises an issue in the petition for writ of review which was not raised in the petition for reconsideration before the board, thus, an issue which we may not consider (Lab. Code § 5904; *U. S. Auto Stores* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 469, 476-477 [93 Cal.Rptr. 575, 482 P.2d 199]; *Cedillo* v. *Workmen's Comp. Appeals Bd.* (1971) 5 Cal.3d 450, 455-456 [96 Cal.Rptr. 471, 487 P.2d 1039]), the reviewing court may find that there is no reasonable basis for the petition.

Since the foregoing circumstances are present in this case, we find no reasonable basis for the petition. Accordingly, the cause is remanded to the board for the purpose of making a supplemental award of a reasonable attorney's fee to respondent Rodriguez' attorneys, based upon services rendered in connection with this petition for writ of review. Such fee shall be in addition to the amount of compensation otherwise recoverable and shall be paid as part of the award by the party liable to pay such award.

Taylor, P. J., and Kane, J., concurred.

A petition for a rehearing was denied April 16, 1975, and the opinion was modified to read as printed above.