[Civ. No. 16936. Fourth Dist., Div. One. Mar. 7, 1978.]

NELSON & SLOAN et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and
WILLIAM C. HAIRRELL, Respondents.

**COUNSEL**

Trout, Heggeness & Sweet and Clifford D. Sweet III for Petitioners.

Brundage, Williams & Zellmann and Donald W. Zellmann for Respondents.

## OPINION

**BROWN (Gerald), P. J.**—We have reviewed respondent Hairrell's request for attorney fees and conclude it should be granted.[1] There was no reasonable basis for the petition because it prematurely raised issues which had not been presented to the Workers' Compensation Appeals Board (Board) by petition for reconsideration.

Labor Code section 5801 provides in pertinent part: "In the event the injured employee . . . prevails in any petition by the employer for a writ of review from an award of the appeals board and the reviewing court finds that there is no reasonable basis for the petition, it shall remand the cause to the appeals board for the purpose of making a supplemental award awarding to the injured employee or his attorney . . . a reasonable attorney's fee for services rendered in connection with the petition for writ of review. Any such fee shall be in addition to the amount of compensation otherwise recoverable and shall be paid as part of the award by the party liable to pay such award."

In *Employers Mut. Liab. Ins. Co.* v. *Workmen's Comp. Appeals Bd., supra,* 46 Cal.App.3d 104 [120 Cal.Rptr. 48], the court set forth two circumstances in which a court may conclude that there is no reasonable basis for a petition: "*First,* when an employer contends that an award is not supported by substantial evidence and a review of the evidence shows that the award is supported by the competent opinion of one physician, although inconsistent with other medical opinions [; and *second,*] *when an employer raises an issue in the petition for writ of review which was not raised in the petition for reconsideration before the board, thus, an issue which we may not consider . . . .*" (*Id.* at pp. 108-109, italics added.)

Relying on Labor Code section 5901, respondent Hairrell contends the petition for writ of review was premature. That section provides: "No cause of action arising out of any final order, decision or award made and filed by the appeals board or a referee shall accrue in

---

[1]The Supreme Court has remanded the question of attorney fees to this court with the following order: "Petition for hearing granted. The matter is transferred to this court and retransferred to the Court of Appeal, Fourth District, Division One, with directions to rule expressly on employee's request for attorney fees. (See Employers Mutual Liability Insurance Company, vs. Workmen's Compensation Appeals Board (1975) 46 Cal.App.3d 104.)" The order did not direct this court to issue a writ of review.

any court to any person until and unless the appeals board on its own motion sets aside such final order, decision, or award and removes such proceeding to itself or such person files a petition for reconsideration, and such reconsideration is granted or denied. Nothing herein contained shall prevent the enforcement of any such final order, decision, or award, in the manner provided in this division."

Petitioners argue no petition for reconsideration was required because "[i]t is long and well settled that when the Appeals Board issues a [d]ecision [a]fter [r]econsideration, either party may seek review forthwith, although the party first aggrieved by such revised decision may, at his *option* petition for reconsideration." (Reply, p. 2.) Petitioners rely upon Labor Code section 5950; *Harlan* v. *Industrial Acc. Com.*, 194 Cal. 352 [228 P. 654]; *Goodrich* v. *Ind. Acc. Com.*, 22 Cal.2d 604 [140 P.2d 405]; *Brunau* v. *Industrial Acc. Com.*, 135 Cal.App. 277 [26 P.2d 672]; 1 Hanna, California Law of Employee Injuries and Workmen's Compensation (2d ed.) section 10.03 [1]; and California Workmen's Compensation Practice (Cont.Ed.Bar 1973) section 11.15, page 364.

· For reasons we shall explain, the proposition asserted by petitioners, though beyond dispute (*Lamb* v. *Workmen's Comp. Appeals Bd.*, 11 Cal.3d 274, 277, fn. 1, 279, fn. 5 [113 Cal.Rptr. 162, 520 P.2d 978]), is not applicable here.

According to the allegations of the petition for writ of review, respondent Hairrell filed an application for adjudication of claim on July 20, 1973, alleging he sustained an industrial injury on November 30, 1972. On December 5, 1974 a referee issued findings and an award determining that Hairrell sustained a permanent disability of 7¾ percent as a result of the injury. Hairrell filed a timely petition for reconsideration which was denied by the Board on January 14, 1975. Hairrell then petitioned for writ of review; we issued the writ and, in a decision filed May 23, 1975, annulled the award and remanded the case to the Board for further proceedings. After further proceedings were conducted, the Board issued its opinion and decision after remittitur on October 12, 1977.

The October 12 order aggrieved both petitioners and Hairrell. According to a letter to this court from the Board, on November 4, 1977, Hairrell sought reconsideration of the decision after remittitur. The Board denied that petition for reconsideration on November 29, 1977.

Petitioners, however, without first petitioning the Board for reconsideration of the decision after remittitur, on November 10, 1977, petitioned this court for a writ of review.

Petitioners rely upon Labor Code section 5950 and the cases construing it and its predecessor (Stats. 1917, ch. 586, § 67). Section 5950 provides: "Any person affected by an order, decision, or award of the appeals board may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which he resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award or of the order, decision, or award following reconsideration. The application for writ of review must be made within 30 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 30 days after the filing of the order, decision, or award following reconsideration."

■ The Board's decision of October 12, 1977, was an original decision for the purpose of this section. It was a decision following remand from this court (Lab. Code, § 5953), not a decision following reconsideration by the Board.

■ On November 10, 1977, when the petition before us was filed, the petition for reconsideration sought by Hairrell on November 4, 1977, had neither been granted nor denied by the Board. Petitioners had not sought reconsideration on their own behalf, and the Board had not reconsidered its decision on its own motion. In short, nothing in Labor Code section 5950 or the cases applying it excused petitioners from the requirements of Labor Code section 5901.

Since petitioners had no cause of action arising out of the October 12, 1977, order and decision after remittitur "until and unless" they filed a petition for reconsideration, and such reconsideration was granted or denied (Lab. Code, § 5901), there was no reasonable basis for the petition.

The cause is remanded to the Board for the purpose of making a supplemental award of reasonable attorney fees to respondent Hairrell's attorneys, based upon services rendered in connection with this petition for writ of review. Such fee shall be in addition to the amount of

compensation otherwise recoverable and shall be paid as part of the award by the party liable to pay such award.

Cologne, J., and Staniforth, J., concurred.