[L.A. No. 31928. Nov. 19, 1984.]

ARTHUR E. JOHNSON, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
TRANS WORLD AIRLINES, INC., et al., Respondents.

COUNSEL

Rose, Klein & Marias and Howard N. Lehman for Petitioner.

Morrow, Nistler, Whitehead & Floyd and Thomas W. Morrow for Respondents.

OPINION

**BIRD, C. J.**—Is the Workers' Compensation Appeals Board precluded by Labor Code section 5811 from awarding printing costs incurred by an em-

ployee in answering a petition for writ of review summarily denied by an appellate court?

## I.

Petitioner, Arthur E. Johnson, sustained work-related back injuries in 1972 and 1977 while employed as a ramp serviceman for respondent, Trans World Airlines, Inc. In July of 1977, Johnson filed applications with the Workers' Compensation Appeals Board (WCAB or board) for adjudication of his claims for permanent disability compensation benefits arising from the two injuries. Both applications named Trans World Airlines as a defendant. In addition, Liberty Mutual Insurance Company was named as a defendant in the application relating to the 1972 injury. Respondent, Hartford Accident and Indemnity Company (Hartford), was named as a defendant in the second application, which dealt with the 1977 injury.

In October of 1981, the workers' compensation judge issued separate awards of permanent disability indemnity on the two claims. In arriving at the award for the 1977 injury, the judge found that Hartford had unreasonably delayed paying Johnson a portion of the compensation owed. Pursuant to Labor Code section 5814,[1] the judge assessed a penalty against Hartford equal to 10 percent of the delayed amount.

Johnson filed a timely petition for reconsideration, challenging the findings and awards on two grounds. Johnson contended that the record did not support the findings that the two injuries should be compensated separately because they occurred at different times. (See § 4750.) He argued that the injuries became permanent at the same time, so he was entitled to a single award for the combined disability. (See *Wilkinson* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491, 494 [138 Cal.Rptr. 696, 564 P.2d 848].)

Further, Johnson argued that the 10 percent penalty against Hartford for unreasonable delay should have been assessed against the entire award rather than the delinquent portion. (See § 5814, *ante,* fn. 1.)

---

[1]Labor Code section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

All statutory references are to the Labor Code unless noted otherwise.

On January 11, 1982, a three-member panel of the board issued its Opinion and Order Granting Reconsideration and Decision after Reconsideration. The decision granted the relief requested by Johnson.[2]

Hartford filed a petition for writ of review in the Court of Appeal. Johnson filed an answer. In his answer, he requested a remand to the board for an award of attorney fees incurred in opposing the petition. (See § 5801.[3]) The Court of Appeal summarily denied the petition for writ of review and the request for attorney fees.

Johnson's answer was printed in accordance with California Rules of Court, rule 15(b). The total cost was $531.93. After the denial in the Court of Appeal, Johnson applied to the board for reimbursement of the cost of printing his answer. The board denied the application and Johnson's petition for reconsideration on the basis it lacked jurisdiction to award costs incurred in judicial proceedings.

Johnson filed a petition for writ of review and requested the Court of Appeal to order Hartford to reimburse him for the printing costs. In the alternative, he asked that the matter be remanded to the board with instructions to make the award. On June 1, 1984, the Court of Appeal summarily denied the petition. This petition for writ of review followed.

## II.

As a general rule, the WCAB is authorized to award costs. Section 5811 provides in pertinent part: "In all proceedings under this division before the appeals board, costs as between the parties may be allowed by the appeals board." ■ The issue in this case is whether section 5811 gives the WCAB authority to award reasonable costs incurred by an employee in

---

[2]There was one exception. The panel did not apportion the permanent disability between the two injuries. Instead, it found that Johnson's permanent disability was caused by the 1977 injury. This finding produced the larger award sought by Johnson. It also shifted the entire liability for the award to Hartford, the employer's compensation insurance carrier at the time of the 1977 injury. Further, the panel agreed that the penalty should be assessed against the entire permanent disability award. Johnson was awarded $23,240 in permanent disability indemnity and $2,324 as a penalty. His total award came to $25,580, less $3,100 for an attorney fee.

[3]Section 5801 provides in pertinent part: "In the event the injured employee or the dependent of a deceased employee prevails in any petition by the employer for a writ of review from an award of the appeals board and the reviewing court finds that there is no reasonable basis for the petition, it shall remand the cause to the appeals board for the purpose of making a supplemental award awarding to the injured employee or his attorney, or the dependent of a deceased employee or his attorney a reasonable attorney's fee for services rendered in connection with the petition for writ of review. Any such fee shall be in addition to the amount of compensation otherwise recoverable and shall be paid as part of the award by the party liable to pay such award."

answering an employer's or compensation carrier's petition for writ of review following summary denial of the petition by an appellate court.[4]

This question has been addressed only once, in dictum contained in a footnote in the case of *Employers Mut. Liab. Ins. Co.* v. *Workmen's Comp. Appeals Bd.* (1975) 46 Cal.App.3d 104 [120 Cal.Rptr. 48] (hereinafter *Rodriguez*). In *Rodriguez,* the Court of Appeal stated that "[t]he provisions of section 5811, which permit the board to allow costs as between the parties in proceedings 'before the appeals board,' are not applicable to appellate proceedings." (46 Cal.App.3d at p. 108, fn. 2.) The court offered no analysis in support of this dictum.

To assess the accuracy of the *Rodriguez* court's statement, it is helpful to survey the history of WCAB practices in this area. Until 1971, the WCAB routinely defended its awards against petitions for review. Hence, the availability of appellate costs to an injured employee was not a significant problem. However, in 1971, the WCAB adopted a new policy under which it no longer answered such petitions unless they challenged WCAB procedures or policies. (See Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) §§ 11.52, 11.53, p. 382.)

This change in policy left employees to defend their own awards against petitions filed by employers or compensation carriers. This is the policy in effect today.

An injured worker who fails to file an answer "runs the risk that the court will assume the petitioner's statement of facts is accurate and the contentions have merit." (Cal. Workmen's Compensation Practice, *supra* (Cont.Ed.Bar Supp. 1982) § 11.52, p. 154, citing *State Farm Fire & Casualty Co.* v. *Workers' Comp. Appeals Bd.* (1981) 119 Cal.App.3d 193, 197-198 [173 Cal.Rptr. 778].) Of course, an employee who files an answer to ensure that his or her contentions are brought to the court's attention incurs additional costs. Whether the employee who prevails will be able to recover those costs turns on whether the appellate court summarily denies the petition for writ of review or issues a writ and files an opinion favoring the employee. That circumstance is beyond the employee's power to influence.

An appellate court normally awards costs through the issuance of a remittitur. (See Cal. Rules of Court, rule 26(b); Code Civ. Proc., § 1027; *Arp* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 395, 411 [138 Cal.Rptr. 293, 563 P.2d 849]; *Ulrich* v. *Workmen's Comp. Appeals Bd.*

---

[4]This court and the Courts of Appeal have exclusive jurisdiction over petitions for writs of review of WCAB decisions. (§ 5955; Cal. Const., art. XIV, § 4.)

(1975) 50 Cal.App.3d 643, 653 [123 Cal.Rptr. 435].) However, the vast majority of petitions for writ of review in WCAB cases are summarily denied without remittitur.[5] No mechanism exists for an appellate court to award costs to the prevailing employee when it summarily dismisses an employer's petition. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 175, p. 3937.)

The board quickly recognized the problem created by its 1971 policy change. A forum was needed in which an employee could recover costs incurred in answering a petition which the reviewing court summarily denied. Accordingly, in 1972, the board for the first time awarded appellate costs. (*DeWall* v. *Ford Motor Co.* (1972) 70 ING 11842.) In its opinion, the board concluded that "where the employer or carrier is the Petitioner, and where the Board has not appeared and answered the petition, . . . the respondent employee should ordinarily be awarded costs of defending against the Petition for Writ of Review as an incident of the costs of proceedings before the Appeals Board." (*Ibid.*)

Following its decision in *DeWall,* the board occasionally awarded appellate costs when the issue was raised.[6] However, this practice was ended in 1975 because the board believed such awards were precluded by the *Rodriguez* dictum.

Article XIV, section 4 of the California Constitution provides, in part: "The Legislature is hereby expressly vested with plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workers' compensation . . . [which] includes . . . full provision for vesting power, authority and jurisdiction in an administrative body with all the requisite governmental functions to determine any dispute or matter arising under such legislation, *to the end that the administration of such legislation shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character*; all of which matters are expressly declared to be the social public policy of this State, binding upon all departments of the State government." (Italics added.)

---

[5]It has long been the practice of this court and the Courts of Appeal not to issue a remittitur after summary denial of an original writ. This practice has now been formalized. A recent amendment to the California Rules of Court directs that "[a] remittitur shall not be issued when an original petition is summarily denied." (Cal. Rules of Court, rule 25(a), as amended, eff. July 1, 1984, No. 6 West's Cal. Legis. Service, p. A-13, No. 2 Deering's Adv. Legis. Service, p. 736.)

[6]Costs were awarded in *Salvador Beas* v. *Mission Insurance Company* (1973) 72 SBR 37763 (cited in St. Clair, Cal. Workers' Compensation Law and Practice (1980) p. 459) and *Clovis A. Nelson* v. *Major Safe Company* (1973) 70 LA 356-307 [38 Cal.Comp. Cases 582 (2d Civ. No. 42769)].

This constitutional provision supports petitioner's contention that the WCAB should have the authority to award appellate costs. If injured workers were not permitted to recover costs incurred in successfully answering a petition for writ of review, the constitutional policy to ensure substantial justice "without incumbrance of any character" would be frustrated. Forcing employees to absorb such costs would diminish the minimal awards obtained under the Workers' Compensation Act (§ 3200 et seq.). It would also render the appellate review component of the law's administration impermissibly expensive.

Further, permitting the WCAB to award appellate costs after the summary denial of a petition for writ of review is consistent with the language of section 5811. That section refers to costs incurred in proceedings "before the appeals board." Technically, proceedings remain before the board and subject to its jurisdiction unless and until this court or the Court of Appeal *grants* a petition for writ of review.[7] Where, as here, the appellate court summarily denies the petition for writ of review without opinion and without remittitur, the jurisdiction of the board is uninterrupted.

This court must construe section 5811 liberally, "with the purpose of extending [its] benefits for the protection of persons injured in the course of their employment." (§ 3202.) As Justice Matthew O. Tobriner stated for the court in *Quinn* v. *State of California* (1975) 15 Cal.3d 162 [124 Cal.Rptr. 1, 539 P.2d 761], section 3202 "requires the courts to view the [Workers' Compensation Act] from the standpoint of the injured worker, with the objective of securing for him the maximum benefits to which he is entitled." (15 Cal.3d at p. 170.) *Quinn*, construing section 3856, held that a worker who actively litigates a claim against a third-party tortfeasor may require his employer, the passive beneficiary of his efforts, to contribute toward the worker's attorney fees. (15 Cal.3d at pp. 169-171.)

Courts have applied the rule of liberal construction to resolve a wide variety of procedural and substantive questions affecting the availability and adequacy of compensation in favor of injured employees and other applicants. For example, in *Arndt* v. *Workers' Comp. Appeals Bd.* (1976) 56 Cal.App.3d 139 [128 Cal.Rptr. 250], the Court of Appeal annulled the WCAB's dismissal of a spouse's claim for death benefits. The WCAB had based its dismissal on section 5406, which required that claims for death benefits be filed within one year of the date of death.

---

[7] Section 5803 provides the board with "continuing jurisdiction over all its orders, decisions, and awards," and states that "[a]t any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any order, decision, or award, good cause appearing therefor." Section 5956 provides that "[t]he filing of a petition for, or the pendency of, a writ of review shall not of itself stay or suspend the operation of any order, rule, decision, or award of the appeals board . . . ."

The applicant had not filed her claim until two years after her husband's death, when she first learned that his death might have been caused by asbestos inhaled in the course of his employment. (*Arndt, supra,* 56 Cal.App.3d at p. 141.) The court, citing section 3202, construed section 5406 as permitting the filing of a claim within one year of the date the applicant knew or should have known that the death was industrially caused. (56 Cal.App.3d at pp. 147, 149; see also *Davison* v. *Industrial Acc. Com.* (1966) 241 Cal.App.2d 15, 17-18 [50 Cal.Rptr. 76] [rule of liberal construction applicable to all aspects of workers' compensation, including penalties under § 5814]; *City of California City* v. *Workers' Comp. Appeals Bd.* (1979) 95 Cal.App.3d 329, 334 [157 Cal.Rptr. 137]; *Beaida* v. *Workmen's Comp. App. Bd.* (1968) 263 Cal.App.2d 204, 208-209 [50 Cal.Rptr. 70].)

Construing section 5811 to permit the WCAB to award appellate costs is consistent with these decisions and with the policy underlying the Workers' Compensation Act. It ensures that injured employees will not be forced to use part of the funds intended to compensate them for their work-related disabilities to defend their awards.

A related statute provides additional support for this holding. Section 4903, subdivision (a) authorizes the board to allow an attorney lien for appellate costs against the employee's compensation award. That section also authorizes a lien for costs incurred in answering a petition for reconsideration before the board. The restrictive reading of section 5811 advocated by Hartford would prevent the employee from obtaining reimbursement for one of those categories of expenditures—appellate costs—while permitting reimbursement of the other, even though the attorney lien covers both. The Legislature could not have intended such an inequitable result.

The Legislature's failure to provide expressly for the award of appellate costs by the WCAB is readily explained. When sections 5801 and 5811 were last amended in 1965 (see Stats. 1965, ch. 1513, §§ 159, 168, pp. 3597, 3599), the WCAB routinely defended its awards in the appellate courts, and the costs were absorbed by the state. (See *ante,* at p. 239.) Hence, the Legislature had no reason to anticipate the problem that arose as a result of the WCAB's policy change in 1971.

In conclusion, this court holds that section 5811 authorizes the WCAB to award reasonable costs incurred by an employee in answering a petition for writ of review filed by an employer or a compensation carrier which is summarily denied by this court or the Court of Appeal. The contrary dictum found in *Rodriguez, supra,* 46 Cal.App.3d at page 108, footnote 2 is disapproved.

Next, Hartford contends that the cost incurred by Johnson for the printing of the answer to the petition for writ of review was "excessive and totally unnecessary" as a matter of law. This contention is meritless. ■ California Rules of Court, rule 26(c) includes among costs recoverable on appeal "the reasonable cost of printing or reproduction of briefs by other process of duplication . . . ." Rule 26 is applicable to costs in proceedings for review of WCAB decisions. (See § 5954; Code Civ. Proc., §§ 1027, 1109; *Ulrich* v. *Workmen's Comp. Appeals Bd.*, *supra*, 50 Cal.App.3d at p. 653 & fn. 8.)

" 'The fact that the brief could have been printed by some other printer, or produced by some other process, at a lesser cost is not controlling. The only requirements in this respect are that the cost be actually incurred and that it be reasonable. (*Wilson* v. *Board of Retirement* [(1959)] 176 Cal.App.2d 320, 323 [1 Cal.Rptr. 373].) What is reasonable presents a question of fact . . . .' " (*Bank of Idaho* v. *Pine Avenue Associates* (1982) 137 Cal.App.3d 5, 19 [186 Cal.Rptr. 695], quoting *Harmon* v. *Pacific Tel. & Tel. Co.* (1962) 201 Cal.App.2d 453, 455 [20 Cal.Rptr. 118]; accord *Johnson* v. *Ford Motor Co.* (1970) 9 Cal.App.3d 304, 309 [88 Cal.Rptr. 221].)

## III.

This court is required by constitutional and legislative mandate to liberally construe the provisions of the Workers' Compensation Act in order to secure for injured workers the maximum benefits to which they are entitled. Allowing the WCAB to award an injured worker reasonable costs incurred in answering a petition for writ of review is consistent with that mandate. It is also supported by the language and history of section 5811.

Accordingly, this cause is remanded to the WCAB with directions to award Johnson reasonable appellate costs. Before making its award, the board is directed to conduct an evidentiary hearing in order to decide the reasonableness of the costs. Petitioner to recover his costs in this court.

Mosk, J., Kaus, J., Broussard, J., Reynoso, J., Grodin, J., and Lucas, J., concurred.