[No. B031745. Second Dist., Div. Six. July 12, 1989.]

FAYE KLEE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, McDONALD'S
et al., Respondents.

**COUNSEL**

William A. Herreras for Petitioner.

Richard W. Younkin, William B. Donohoe, Charles E. Finster, Miller & Folse, Deborah L. Gilman and David J. DePaolo for Respondents.

**OPINION**

**ABBE, J.—** We hold that the Workers' Compensation Appeals Board (the Board) erred when it found defendants McDonald's and General Adjustment Bureau, Inc., did not unreasonably delay payment of permanent disability indemnity under Labor Code section 5814.[1]

At the trial of the permanent disability indemnity issue, applicant Faye Klee testified about specific and cumulative industrial injuries to her back and neck while employed by McDonald's. Two physicians opined in essence that applicant is totally permanently disabled and unable to compete in the open labor market. Another physician was of the opinion that applicant's permanent disability is at the semisedentary level and is not total.

The workers' compensation judge (WCJ) expressly credited the testimony of applicant and the two physicians who concluded she was totally permanently disabled. He indicated that the opinion of the other physician was not persuasive. The WCJ found the conflict in the medical evidence could be resolved easily without referral to an independent medical examiner (IME) because there was substantial medical evidence upon which to decide the issue and the preponderance of that evidence was heavily in applicant's favor.

The Board unanimously adopted the reasons reported by the WCJ and denied reconsideration.

---

[1] All further statutory references are to this code.

Defendants filed a petition with this court for review of the Board's decision, contending that the finding of total permanent disability was not supported by substantial evidence and the WCJ abused his discretion in not referring the matter to an IME. While this review petition was pending, defendants did not pay the awarded permanent disability indemnity of $154 a week but paid only $70 a week in the stated belief applicant was not totally disabled.

We denied the petition, concluding that viewed in the light of the entire record, there was substantial evidence of total permanent disability. (*Lamb v. Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 274, 280-281 [113 Cal.Rptr. 162, 520 P.2d 978]; *Smith* v. *Workmen's Comp. App. Bd.* (1969) 71 Cal.2d 588, 592 [78 Cal.Rptr. 718, 455 P.2d 822]; *Liberty Mut. Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1981) 118 Cal.App.3d 265, 275 [173 Cal.Rptr. 349].) We also concluded the WCJ did not abuse his discretion in not referring the matter to an IME since substantial medical evidence was before the WCJ enabling a decision without referral to an IME, the heavy preponderance of the evidence in applicant's favor enabled resolution of the conflict in the medical evidence, and the WCJ, not the physician, is the trier of fact. (§ 5703.5; *Johns-Manville Products Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 87 Cal.App.3d 740, 752-753 [151 Cal.Rptr. 215].)

In our order denying the petition, we found there was no reasonable basis for the review petition within the meaning of section 5801 and *Employers Mut. Liab. Ins. Co.* v. *Workmen's Comp. Appeals Bd.* (1975) 46 Cal.App.3d 104 [120 Cal.Rptr. 48], and remanded the cause to the Board for a supplemental award of reasonable fees to applicant's attorney based on services rendered in answering the review petition and for costs incurred by applicant. (*Johnson* v. *Workers' Comp. Appeals Bd.* (1984) 37 Cal.3d 235 [207 Cal.Rptr. 857, 689 P.2d 1127].)

On remand, applicant requested of the Board an assessment of a section 5814 penalty against defendants for unreasonable delay in paying the awarded permanent disability indemnity during the period defendants' review petition was pending.

The Board refused to assess a section 5814 penalty against defendants. Applicant petitioned this court for review of the Board's decision. We denied applicant's petition. The Supreme Court granted review and transferred the matter to this court with directions to issue a writ of review.

Sections 5801 and 5814 are in chapter 6 (entitled Findings and Awards) of part 4 of division 4 (entitled Workers' Compensation and Insurance) of the Labor Code.

Section 5801 provides: ". . . [¶] In the event the injured employee . . . prevails in any petition by the employer for a writ of review from an award of the appeals board and the reviewing court finds that there is no reasonable basis for the petition, it shall remand the cause to the appeals board for the purpose of making a supplemental award . . . to the injured employee or his attorney . . . a reasonable attorney's fee for services rendered in connection with the petition for writ of review. Any such fee shall be in addition to the amount of compensation otherwise recoverable . . . ."

Section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the . . . award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. . . ."

■ Final responsibility for interpreting these statutes rests with the courts, not the Board. (*City of Anaheim* v. *Workers' Comp. Appeals Bd.* (1981) 124 Cal.App.3d 609, 613 [177 Cal.Rptr. 441].)

■ Interpreting sections 5801 and 5814, the fundamental rule mandates the court to ascertain the intent of the Legislature so as to effectuate the purpose of the workers' compensation law. In determining such intent, we turn to the words in the statute and give effect to the statute according to the usual, ordinary import of the language used in framing it. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; *City of Anaheim* v. *Workers' Comp. Appeals Bd., supra,* 124 Cal.App.3d at pp. 613-614.) Various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. (*Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at p. 230.)

■ Pursuant to section 3202 and article XIV, section 4, of our Constitution, statutory enactments pertaining to workers' compensation are to be construed liberally in favor of the injured worker. (*Johnson* v. *Workers' Comp. Appeals Bd., supra,* 37 Cal.3d 235, 241 ["[The] court must construe section 5811 liberally, 'with the purpose of extending [its] benefits for the protection of persons injured in the course of their employment.' . . . [¶] Courts have applied the rule of liberal construction to resolve a wide variety of procedural and substantive questions affecting the availability and adequacy of compensation in favor of injured employees and other applicants."]; *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626 [170 Cal.Rptr. 32, 620 P.2d 618]; *Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at p. 233; *Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4

Cal.3d 223, 227 [93 Cal.Rptr. 192, 481 P.2d 200]; *Jardine* v. *Workers' Comp. Appeals Bd.* (1984) 163 Cal.App.3d 1, 8 [209 Cal.Rptr. 139] [section 5814 to be construed liberally in accordance with the general purpose of the workers' compensation laws]; *Viegas* v. *Workers' Comp. Appeals Bd.* (1983) 148 Cal.App.3d 423, 427 [196 Cal.Rptr. 10] [section 5814 to be interpreted liberally in accordance with the general purpose of the workers' compensation laws of affording benefits for the protection of injured employees].)

■ As a guideline in applying section 5801, a court may find "no reasonable basis for the petition" when (1) a petitioning employer contends an award is not supported by substantial evidence and a review of the evidence shows that the award is supported by the competent opinion of one physician, although inconsistent with other medical opinion, or (2) the petitioning employer raises an issue not raised in the petition for reconsideration before the Board. (*Employers Mut. Liab. Ins. Co.* v. *Workmen's Comp. Appeals Bd., supra,* 46 Cal.App.3d 104, 108-109.)

As noted in *Bekins Moving & Storage Co.* v. *Workers' Comp. Appeals Bd.* (1980) 103 Cal.App.3d 675, 685 [163 Cal.Rptr. 213], these circumstances for finding no reasonable basis for a review petition are "analogous to the lack of merit of a frivolous appeal." (See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179] ["[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit."].)

■ In determining whether compensation has been "unreasonably delayed" within the meaning of section 5814, the only satisfactory excuse for delay in payment of disability benefits, whether prior to or subsequent to an award, is genuine doubt from a medical or legal standpoint as to liability for benefits. The burden is on the employer or its carrier to present substantial evidence upon which a finding of such doubt may be based. (*Kerley* v. *Workmen's Comp. App. Bd., supra,* 4 Cal.3d at p. 230.) Although section 5814 is denominated a penalty statute, it is to be interpreted liberally in accordance with the general purpose of the workers' compensation law to protect persons injured in the course of their employment. (*Kerley, supra,* at p. 227.)

In *Jensen* v. *Workers' Comp. Appeals Bd.* (1985) 170 Cal.App.3d 244 [216 Cal.Rptr. 33], the employer delayed payment of awarded temporary disability indemnity while contemplating its right to petition for review of the Board's decision, but did not file the petition. The applicant then sought imposition of a section 5814 penalty against the employer for unreasonable

delay in paying the indemnity. The employer presented no evidence of genuine medical or legal doubt other than the bald assertion a petition for review was contemplated. The WCJ declined to find the delay was unreasonable since even though no petition for writ of review was filed, a finding of unreasonable delay would have a "chilling effect" on the employer's right to seek review. The Board concurred in the WCJ's decision. However, the court held a penalty should be assessed, holding that where the employer merely delayed payment to ostensibly consider the legal alternatives, the employer failed to meet its burden of demonstrating a genuine doubt as to liability.

In *Ulrich* v. *Workmen's Comp. Appeals Bd.* (1975) 50 Cal.App.3d 643 [123 Cal.Rptr. 435], the court disallowed a section 5814 penalty where there was a reasonable basis for the review petition under section 5801, noting that the exercise of the right to petition for writ of review, "at least in a case in which there is a reasonable basis to seek . . . review on a legal issue as to which there is a genuine doubt, cannot give rise to the imposition of a . . . penalty under . . . section 5814. . . . [¶] In this case there is no showing that there was not genuine doubt from a legal standpoint as to the liability for permanent disability. . . . It nowhere appears that the applicant sought or was granted any relief under the provisions of section 5801, which provide for an award against the respondent where there is no reasonable basis for the petition." (*Ulrich* v. *Workmen's Comp. Appeals Bd., supra,* 50 Cal.App.3d at pp. 652-653.)

It may be inferred from *Jensen* and *Ulrich* that where there is no reasonable basis for a review petition under section 5801, a penalty for unreasonable delay under section 5814 may be imposed in appropriate circumstances without a chilling effect on the right to petition for writ of review. (Cf. *Conn-Wood Investment Corporation* v. *Workers' Comp. Appeals Bd.* (1974) 39 Cal.Comp.Cases 95, writ den. [WCJ properly imposed a section 5814 penalty for unreasonable delay in not paying awarded benefits pending unsuccessful appeal to United States Supreme Court of the denial of his petition for writ of review where the employer knew or should have known there was no substantial federal question involved and the penalty did not constitute an undue burden on the employer's right of appellate review].)

Here, defendants' prior petition for writ of review in essence merely challenged substantiality of the evidence to support the finding of total disability where the heavy preponderance of the credible evidence supported the finding. The petition raised no substantial legal issue in workers' compensation law and was apparently filed and maintained merely to delay the effect of the adverse award of total disability indemnity. As we

determined in our order denying the prior petition and awarding attorney fees, the petition indisputably had no merit.

Applying the cited authorities to the circumstances in this case, our previous finding of no reasonable basis for the review petition under section 5801 compels a finding of unreasonable delay in paying permanent disability indemnity under section 5814.

The November 25, 1987, and January 29, 1988, decisions of respondent Workers' Compensation Appeals Board are annulled and the matter is remanded with directions to award a statutory penalty for unreasonable delay in paying permanent disability benefits.

Stone (S. J.), P. J., and Gilbert, J., concurred.

Respondents' petition for review by the Supreme Court was denied September 28, 1989.