[No. F043811. Fifth Dist. Feb. 5, 2004.]

CROWN APPLIANCE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and MORTON
WONG, Respondents.

**COUNSEL**

Law Office of Morse, Giesler & Callister and Stephen P. LoPresti for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Frailing, Rockwell & Kelly and Sharon E. Kelly for Respondent Morton Wong.

**OPINION**

**WISEMAN, J.**—Crown Appliance (Crown) petitions for a writ of review to determine the lawfulness of the decision of the Workers' Compensation Appeals Board (WCAB) concluding that Crown discriminated against its employee Morton Wong for filing a workers' compensation claim. (Lab. Code,[1] § 5950; Cal. Rules of Court, rule 57.) Crown believes the WCAB's decision is unreasonable and unsupported by substantial evidence even though Crown's owner expressed her belief that Wong was faking a disability and treated him badly before dismissing him.

We recognize that it is unusual to publish a denial of a petition for writ of review of a WCAB decision. Under the circumstances, we have decided to do so for two reasons. First, there is little case law interpreting section 132a prohibiting an employer from discriminating against an employee for exercising his or her rights under the workers' compensation laws.

Second, Crown is apparently unaware of an appellate court's well-settled role in reviewing the WCAB's factual determinations. (§ 5953; *LeVesque v.*

---

[1] Further statutory references are to the Labor Code.

*Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 635–637 [83 Cal.Rptr. 208, 463 P.2d 432].) Obviously, Crown has an absolute right to seek relief from an appellate court. We publish to remind the parties, however, that it is still important to evaluate the merits of a potential appeal because a meritless petition may, as in this case, draw adverse consequences. Here, we find a wealth of substantial evidence of employer discrimination and therefore agree with Wong that the petition for writ of review lacks a reasonable basis. Accordingly, we remand to the WCAB to award reasonable attorneys' fees. (§ 5801.)

### *PROCEDURAL AND FACTUAL HISTORIES*

Wong sustained an industrial injury to his left elbow and back in August 2000 while employed as a delivery driver and appliance installer for Crown in Modesto, California. The parties settled Wong's underlying disability claim but continued to dispute whether Crown discriminated against Wong under section 132a.

At a March 2003 WCAB hearing, Wong testified that he had a very good relationship with the owner of Crown, Mary Sanchez, before his injury. Their rapport changed, however, after Wong returned to work on light duty. Sanchez constantly complained about Wong's performance and gave him the impression nothing he did was good enough. Sanchez also excluded Wong from monthly employee meetings. Their relationship did not improve even after Wong returned to his usual and customary job duties.

Sanchez fired Wong in May 2001 at a time when Crown's business was very busy. She told him he used bad language in front of a customer and that a screw fell out of a dishwasher installation he had done a year earlier. Wong was unaware of any complaints regarding his performance before he was terminated.

Mathew Burns worked at Crown and described the rapport between Wong and Sanchez before Wong's injury as "friendly." When Wong returned on light duty, however, Sanchez was "hostile" and "ice cold" toward Wong. Burns saw Wong's employment change from a "great job" to "nothing was good enough." Burns confirmed that Wong was excluded from work meetings. Sanchez told Burns that she believed Wong was faking his injury and was not hurt. She also said Wong "was not an employee and doesn't want to work." Burns thought Wong was a good employee and could not believe he would leave out a screw on an installation.

Sharon Sharp was a customer of Crown who voiced a complaint to Sanchez about Wong. She could not recall if she complained in July 2000 or July 2001, after Sanchez had fired Wong in May 2001.

Sanchez explained that she terminated Wong because of customer complaints and not his workers' compensation claim. She recalled that Wong's personnel file contained three complaints, but she could not locate the file. She documented the complaints herself within a two-day period in May 2001 and last saw them at an Unemployment Insurance Appeals Board (UIAB) hearing in June 2001. Sanchez felt Wong's work performance while on light duty was unsatisfactory, but she believed that she could not fire him until he returned to regular duty.

In May 2003, a workers' compensation judge (WCJ) found that Crown had violated section 132a by terminating Wong. In July 2003, the WCAB granted Crown's petition for reconsideration and remanded the case to the WCJ for the limited purpose of assessing attorneys' fees.

## *DISCUSSION*

### I. *Employer discrimination*

Section 132a expressly declares California's public policy that "there should not be discrimination against workers who are injured in the course and scope of their employment." (See *Judson Steel Corp. v. Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 667 [150 Cal.Rptr. 250, 586 P.2d 564].) An employer violates the express provisions of section 132a and is guilty of a misdemeanor if it "discharges, or threatens to discharge, or in any manner discriminates" against an employee for (1) filing, or making known his or her intention to file, a workers' compensation claim; (2) receiving a disability rating, award, or settlement; or (3) testifying, or making known his or her intentions to testify, in another's disability claim. (§ 132a, subds. (1), (3).) An employer who discriminates against an injured worker must increase the employee's disability compensation by 50 percent, up to $10,000, plus reinstate the employee and provide lost wages and benefits. (§ 132a, subd. (1).)

Section 132a not only condemns the types of discrimination specifically proscribed by that section, but also contemplates preventing all forms of discrimination against injured employees. (*Judson Steel Corp., supra,* 22 Cal.3d at p. 667.) Further, section 132a liability attaches regardless of the employer's intentions. A worker demonstrates a prima facie showing of section 132a discrimination by proving that "as the result of an industrial injury, the employer engaged in conduct detrimental to the worker." (*Barns v. Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 524, 531 [266 Cal.Rptr. 503]; see 1 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed. 2001) § 10.11[1], p. 10-20.) If the worker makes this

showing, the burden shifts to the employer to demonstrate that its conduct was necessary and directly linked to the realities of doing business. (*Barns, supra*, at p. 531.)

Affirming the WCJ's finding that Crown discriminated against Wong in retaliation for his disability claim, the WCAB reasoned:

"At trial, applicant testified that he was treated well by the owner, Mary Sanchez, before his injury, when he worked as a delivery driver and installer. When he returned from his injury to a light duty capacity, however, applicant was treated harshly. He was required to clean bathrooms, break up cardboard and perform menial errands. He was no longer invited to meetings as he was before the injury. Further testimony reveals that the owner expressed that she believed applicant was faking his injury and that he was not really hurt.

"The evidence also indicates that there may have been complaints regarding applicant, but there is no evidence of when these complaints originated, whether before or after his injury. Applicant was not reprimanded for these complaints before his injury, but he was reprimanded for these events after his injury. In fact, applicant testified that he was unaware of any customer complaints about him until he was terminated. Additionally, applicant's personnel file could not be located by the employer. There were allegedly two verbal complaints regarding applicant and one written complaint, although the employer could not document the complaints because of the missing personnel file. [¶] . . . [¶]

"In the instant case, . . . there is no recognizable reality of business which the employer can point to in order to justify applicant's termination. The employer's position that it terminated applicant based upon customer complaints is not capable of verification by the employer, and there is no record or testimony of any action being taken by the employer against applicant regarding the alleged complaints until after his injury. Therefore, we agree with the WCJ that applicant's termination was performed in such a manner to discriminate against applicant, pursuant to Labor Code § 132a."

Crown disputes the WCAB's interpretation of the record and instead claims "the evidence is clear that the complaints against Mr. Wong occurred after his injury, and his termination was necessitated by the realities of doing business." Crown relies on Sanchez's testimony that she attended the UIAB hearing and presented the board with the complaints from Wong's personnel file. In May 2001, according to the UIAB's written opinion admitted into the WCAB record, "two customer complaints were reduced to writing by the employer and the claimant was confronted with the written summary of the complaints. The claimant signed below the written warnings acknowledging that he had these matters discussed with him by the employer."

The UIAB record also described a third complaint Sanchez recalled receiving the next day regarding a faulty dishwasher installation from a year earlier. However, the UIAB administrative law judge found the complaints of little weight in determining whether Crown discharged Wong for misconduct (see Unemp. Ins. Code, §§ 1030, 1032, 1256):

"The claimant testified under oath and was subject to cross-examination by the undersigned as well as the employer. On the other hand, the statements attributed to the customers were entirely in hearsay form since they were only in the hand written reportings of the employer and what she stated was related to her. Even the described incomplete installation of the dishwasher is in the form of hearsay since the worker that completed the reinstallation did not submit a written statement or otherwise testify in this matter. Therefore, the hearsay submitted by the employer is found to be outweighed by the claimant's sworn testimony to the [contrary]."

The UIAB was also skeptical of Crown's contention that Wong had inappropriately installed the dishwasher:

"The fact that the dishwasher stayed in its hole for over a year fails to show that the installation initially was improper. Sometimes events like that happen without any fault at all and the evidence as presented by the employer has not established that the claimant was even at fault, much less knowingly or willingly failed to follow the proper installation procedures."

The WCAB similarly was not persuaded by Sanchez's testimony, noting that "[t]he employer's position that it terminated applicant based upon customer complaints is not capable of verification by the employer, and there is no record or testimony of any action being taken by the employer against applicant regarding the alleged complaints until after his injury." The WCAB thus found "there is no recognizable reality of business which the employer can point to in order to justify applicant's termination."

As the trier of fact, the WCAB is empowered to resolve conflicts in the evidence and make credibility determinations. (*Garza v. Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 317 [90 Cal.Rptr. 355, 475 P.2d 451].) "In resolving the petition for writ of review, we must determine whether the evidence, when reviewed in the light of the entire record, supports the Board's decision; and in doing so, we must consider the weight or persuasiveness of all the evidence, not just whether there is substantial evidence in favor of respondents employer and insurer." (*Rubalcava v. Workers' Comp. Appeals Bd.* (1990) 220 Cal.App.3d 901, 908 [269 Cal.Rptr. 656].)

Although Crown argues the evidence before the UIAB supports its contention it dismissed Wong for legitimate business reasons, it fails to recognize

that even that tribunal doubted the veracity of the customer complaints against Wong. Moreover, the WCAB could infer from Smith's testimony that she complained of Wong before his injury in June 2000, yet Crown used the complaint against Wong only after he filed his workers' compensation claim. Based on substantial evidence that Sanchez treated Wong poorly after his industrial injury, that she believed he was faking his disability, and that she wanted to dismiss Wong since he returned to work on light duty, the WCAB acted within its authority in finding that Crown fired Wong in retaliation for filing a workers' compensation claim.

## II. *Attorneys' fees*

■ Wong requests attorneys' fees associated with responding to Crown's petition for writ of review. Under section 5801, when an injured employee prevails in defending against an employer's WCAB petition for writ review and the appellate court finds "no reasonable basis for the petition," the court must remand the matter to the WCAB for a supplemental attorneys' fees award determination.[2] Attorneys' fees are not, however, automatically awarded simply because an appellate court affirms the WCAB's decision. (*Chevron U.S.A., Inc. v. Workers' Comp. Appeals Bd.* (1990) 219 Cal.App.3d 1265, 1274 [268 Cal.Rptr. 699].)

*Employers Mut. Liab. Ins. Co. v. Workmen's Comp. Appeals Bd.* (1975) 46 Cal.App.3d 104 [120 Cal.Rptr. 48][3] sets forth two examples in which an appellate court might conclude that a petition lacks a reasonable basis. Attorneys' fees may be appropriate either (1) "when an employer contends that an award is not supported by substantial evidence and a review of the evidence shows that the award is supported by the competent opinion of one physician, although inconsistent with other medical opinions," or (2) "when an employer raises an issue in the petition for writ of review which was not raised in the petition for reconsideration before the board, thus, an issue which we may not consider . . . ." (*Id.* at pp. 108, 109; see also *Nelson & Sloan v. Workers' Comp. Appeals Bd.* (1978) 79 Cal.App.3d 51, 53 [144 Cal.Rptr. 614].) "[T]hese circumstances for finding no reasonable basis for a

---

[2] Section 5801 provides in relevant part: "In the event the injured employee or the dependent of a deceased employee prevails in any petition by the employer for a writ of review from an award of the appeals board and the reviewing court finds that there is no reasonable basis for the petition, it shall remand the cause to the appeals board for the purpose of making a supplemental award awarding to the injured employee or his attorney, or the dependent of a deceased employee or his attorney a reasonable attorney's fee for services rendered in connection with the petition for writ of review. Any such fee shall be in addition to the amount of compensation otherwise recoverable and shall be paid as part of the award by the party liable to pay such award."

[3] Overruled on other grounds in *Johnson v. Workers' Comp. Appeals Bd.* (1984) 37 Cal.3d 235, 239–242 [207 Cal.Rptr. 857, 689 P.2d 1127].

review petition are 'analogous to the lack of merit of a frivolous appeal.' " (*Klee v. Workers' Comp. Appeals Bd.* (1989) 211 Cal.App.3d 1519, 1524 [260 Cal.Rptr. 217], citing *Bekins Moving & Storage Co. v. Workers' Comp. Appeals Bd.* (1980) 103 Cal.App.3d 675, 685 [163 Cal.Rptr. 213].) An action is frivolous when it serves "to harass the respondent or delay the effect of an adverse judgment or when it indisputably has no merit when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

■ We find Crown's petition for writ of review indisputably without merit and substantially similar to the first category of situations lacking a reasonable basis under *Employers Mut. Liab. Ins. Co., supra,* 46 Cal.App.3d at pages 108–109. Crown did not present this court with a question of law and only argued that the WCAB's decision was unreasonable and unsupported by substantial evidence in light of the entire record. Testimonial evidence from both Wong and his coworker reveals, however, that Wong's employment relationship significantly changed after he filed his workers' compensation claim. Sanchez became "hostile" and "ice cold" toward Wong, excluded him from company meetings, and felt he was no longer an employee. Crown ignores the great weight of evidence in favor of the WCAB's decision and instead asks this court to rely on evidence discounted as unpersuasive by not only the WCAB, but also the UIAB. Even if this court were convinced Crown dismissed Wong for the realities of business, we could not reweigh the evidence to decide a disputed question of fact supported by substantial evidence. (§ 5953; *Western Growers Ins. Co. v. Workers' Comp. Appeals Bd.* (1993) 16 Cal.App.4th 227, 233 [20 Cal.Rptr.2d 26].)

## DISPOSITION

The petition for writ of review is denied. Under authority of section 5801, we find no reasonable basis for the petition and remand the cause to the WCAB to make a supplemental award of reasonable attorneys' fees to the attorneys for respondent Morton Wong based on the services rendered in answering the petition. This opinion is final forthwith as to this court.

Buckley, Acting P. J. , and Levy, J., concurred.