[No. B134955. Second Dist., Div. Six. Apr. 20, 2000.]

DEL TACO et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and JORGE
GUTIERREZ, Respondents.

## COUNSEL

Graves, Roberson & Bourassa and Gary Bourassa for Petitioners.

Wolff & Kinsler and William Wolff for Respondent Jorge Gutierrez.

No appearance for Respondent Worker's Compensation Appeals Board.

## OPINION

**YEGAN, J.**—The California workers' compensation laws apply to all California workers regardless of their shape, size, or ethnic background. The statutory scheme envisions benefits for aliens. (Lab. Code, § 3351.)[1] It does not, however, expressly authorize vocational rehabilitation benefits for an "illegal worker" in California.[2] As we shall explain, even if the statutory scheme, liberally construed, provides vocational rehabilitation for an "illegal worker," the scheme must here yield to the constitutional imperative of equal protection under the laws. We hold that an injured employee is not entitled to vocational rehabilitation benefits where the employee is unable to return to work solely because of immigration status. Here, the Workers' Compensation Appeals Board (WCAB) interpreted the Labor Code to provide an "illegal worker" with greater benefits than those available to a "legal worker." Its interpretation violates the equal protection clause of the United States Constitution and must be annulled.

### Facts and Procedural History

Jorge Gutierrez (worker) was employed at a Del Taco restaurant when he injured his lower back. The next day, a physician released him to return to

---

[1]All further references are to the Labor Code unless otherwise specified.

[2]The United States Code refers to such a worker as an "unauthorized alien." (8 U.S.C.A. § 1324a(a)(1)(A), (a)(2), (h)(3).) We use the phrase "illegal worker" to mean a person working in California who is not lawfully residing in the United States of America. It is a federal crime for an alien to enter the United States of America without permission of the federal government. (8 U.S.C.A. § 1325.)

modified work and he did so. A week later, Del Taco discovered that he was not legally in the United States and that he had provided Del Taco an invalid Social Security number. Del Taco terminated him on that basis alone. The parties stipulate that if worker had produced a valid Social Security number, Del Taco would have allowed him to continue his work in a modified capacity.

Worker applied for compensation benefits. After a hearing, a workers' compensation judge credited the opinions of a chiropractor and a physician and factually found that worker was temporarily totally disabled and had become permanent and stationary. The judge awarded him temporary and permanent partial disability benefits. He was also awarded up to $16,000 worth of vocational rehabilitation benefits. (§ 139.5 subd. (c).)

### Background Law and Standard of Review

■ "[T]he California Workers' Compensation Act provides for a compulsory scheme of employer liability without fault for injuries arising out of and in the course of employment. [Citation.] The purpose of the act is to furnish ' "a complete system of [workers'] compensation, including full provision for such medical, surgical, hospital and other remedial treatment as is requisite to cure and relieve from the effects of such injury.' " [Citation.]" (*Sea-Land Service, Inc. v. Workers' Comp. Appeals Bd.* (1996) 14 Cal.4th 76, 85 [58 Cal.Rptr.2d 190, 925 P.2d 1309].) The injured worker is entitled to a liberal construction of the statutory scheme and we are required to view the act "from the standpoint of the injured worker" with the objective of securing for him or her the maximum benefits which can lawfully be given. (*Avalon Bay Foods v. Workers' Comp. Appeals Bd.* (1998) 18 Cal.4th 1165, 1173-1174 [77 Cal.Rptr.2d 552, 959 P.2d 1228]; see also *Johnson v. Workers' Comp. Appeals Bd.* (1984) 37 Cal.3d 235, 241 [207 Cal.Rptr. 857, 689 P.2d 1127].)

■ We uphold the WCAB's findings of fact if they are supported by substantial evidence. (§ 5952, subd. (d); *Braewood Convalescent Hospital v. Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 159, 164 [193 Cal.Rptr. 157, 666 P.2d 14].) While we accord "significant respect" to the WCAB's interpretation of the workers' compensation statutes (*Avalon Bay Foods v. Workers' Comp. Appeals Bd., supra,* 18 Cal.4th at p. 1174) we independently review its conclusions on questions of law. (E.g., *Barragan v. Workers' Comp. Appeals Bd.* (1987) 195 Cal.App.3d 637, 642 [240 Cal.Rptr. 811].)

### Temporary and Permanent Disability Payments

■ Del Taco contends that worker is not entitled to temporary disability payments because he was not disabled and because he cannot legally

work in the United States of America due to his immigration status. The short answer to the first aspect of this contention is that the trier of fact found that worker was so disabled based upon the testimony of worker's chiropractor and physician. That is substantial evidence and we do not substitute our judgment for that of the trier of fact. (*Braewood Convalescent Hospital v. Workers' Comp. Appeals Bd., supra,* 34 Cal.3d at p. 164; § 5952.)

Worker's immigration status does not affect his entitlement to temporary disability payments. As indicated, the workers' compensation statutes apply to "every person in the service of an employer . . . whether lawfully or unlawfully employed, and includes: [¶] (a) Aliens and minors." (§ 3351.) A citizen or legal resident alien would be entitled to disability benefits if he or she had been injured while working for Del Taco under comparable facts. Here, worker is unable to work as a result of the work-related injury and is entitled to disability benefits wherever he is residing, legally or illegally.

### Vocational Rehabilitation Services

Generally speaking, if an injured worker is disabled and cannot return to his or her usual occupation, the worker qualifies for vocational rehabilitation services. (§ 4635, subd. (a).) If the employer offers modified or alternative work and the employee accepts or rejects such, the employee is not entitled to vocational rehabilitation services. (§§ 4638; 4644, subd. (a)(5).) If the employer does not offer modified or alternative work, the worker is entitled to vocational rehabilitation services, including job placement assistance and job training. (§ 4635, subd. (d).)

Here, Del Taco provided modified work to worker and after he commenced the modified work, Del Taco terminated the employment because it discovered that he was not legally permitted to work in the United States. (8 U.S.C.A. §§ 1324a(a)(1)(A), (a)(2); (h)(3).) Continued employment of worker would have subjected Del Taco and its officers to civil penalties, criminal fines and imprisonment. (8 U.S.C.A. § 1324a(e)(4), (f)(1).) Nevertheless, the WCAB required Del Taco to provide worker vocational rehabilitation services, apparently in Mexico, because Del Taco was not legally able to provide modified work in the United States.

Vocational rehabilitation services are available only to qualified injured workers. The statute defines a "qualified injured worker" as an employee who meets both of the following requirements: "(1) The employee's expected permanent disability as a result of the injury, . . . *permanently precludes, or is likely to preclude, the employee from engaging in his or her usual occupation or the position in which he or she was engaged at the time of*

*injury*, hereafter referred to as 'medical eligibility.' [¶] (2) The employee can reasonably be expected to return to suitable gainful employment through the provision of vocational rehabilitation services . . . ." (§ 4635, subd. (a), italics added.) If we "liberally" read the statute from the standpoint of the "illegal worker," in theory such a person could meet the two-prong statutory criteria of a "qualified injured worker." (*Avalon Bay Foods v. Workers' Comp. Appeals Bd., supra,* 18 Cal.4th at pp. 1173-1174; *Johnson v. Workers' Comp. Appeals Bd., supra,* 37 Cal.3d at p. 241.) The statute does not inexorably require a return to work in California.

Here, however, it is not worker's disability that precludes him from working at Del Taco. It is his immigration status. Worker is not "medically eligible" for vocational rehabilitation services because there was and is no expected permanent disability which precludes worker from engaging in his usual occupation. (§ 4635, subd. (a)(2).)

We consider Del Taco's contention that the WCAB vocational rehabilitation award deprives it of equal protection under the laws. It meritoriously argues that it will suffer what amounts to a potential $16,000 penalty only because worker cannot lawfully perform modified work. Here, Del Taco was obeying the law by not retaining worker after it learned that he was not legally permitted to reside or work in the United States of America. At the same time, worker was violating federal law by remaining in the United States of America. Simple fairness dictates that Del Taco should not be penalized for obeying the law and worker should not be rewarded for disobeying the law.

A contrary determination would necessarily be predicated solely on illegal immigration status. This would not be *equal* protection for an "illegal worker." It would be *more* protection for an "illegal worker." This would bear no relationship to "medical eligibility," the extent of disability, or need for retraining.

▇ " '[T]he equal protection clause [of the United States Constitution, 14th Amendment] requires that those similarly situated not be treated differently unless the disparity is justified.' " (*Kenneally v. Medical Board* (1994) 27 Cal.App.4th 489, 495 [32 Cal.Rptr.2d 504].) A classification predicated upon illegal immigration status is scrutinized under the rational basis level of review. Such a classification will be upheld unless it is irrational or arbitrary. (*Plyler v. Doe* (1982) 457 U.S. 202, 215 [102 S.Ct. 2382, 2393-2394, 72 L.Ed.2d 786, 798].) ▇ The WCAB's vocational award relies on an interpretation of the statutes that is irrational *and* arbitrary. Here, a legal worker would not be awarded job training because Del Taco's offer of

modified work precludes such. The WCAB's award provides an "illegal worker" more extensive and costly services than would be provided to a similarly situated "legal worker." This deprives Del Taco of equal protection of the laws.

## Conclusion

The WCAB's opinion and order of April 30, 1999, is affirmed to the extent that it orders temporary disability indemnity. The order is annulled to the extent that it awards vocational rehabilitation services.

Gilbert, P. J., and Coffee, J., concurred.

The petition of respondent Jorge Gutierrez for review by the Supreme Court was denied July 12, 2000. Werdegar, J., was of the opinion that the petition should be granted.