MANSFIELD, Justice
(concurring specially).
I join in my colleagues’ well-reasoned opinion but write separately to emphasize one point. I agree that under Iowa law, an employee’s undocumented status does not deprive her of workers’ compensation benefits where she suffers a job-related injury. At the same time, however, under Iowa law, an employee’s undocumented status does not entitle her to enhanced benefits.
In this case, the employer argues that it terminated Pascuala Jimenez’s employment on January 22, 2008, because it received confirmation from United States Immigration and Customs Enforcement she could not legally work in the United States. This was approximately four months after Jimenez suffered her workplace injury. Jimenez concedes she cannot lawfully work in this country at the present time.
*659 In Schutjer v. Algona Manor Care Center, we held that when an employee has been offered suitable work and then quits, the act of quitting amounts to a refusal of suitable work, thereby ending the employee’s right to temporary partial benefits, temporary total benefits, or healing period benefits. 780 N.W.2d 549, 559 (Iowa 2010). Analogizing this case to Schutjer, the employer here argues that Jimenez’s loss of her job due to her inability to maintain lawful immigration status is equivalent to a refusal to accept suitable work. Hence, according to the employer, Jimenez should be foreclosed from receiving temporary or healing period benefits.
There are two problems with this argument on the present record. First, although Jimenez was initially offered light-duty work on December 4, 2007, she was subsequently called back to her regular job, which she attempted to perform until she was let go on January 22, 2008. It is unclear whether the employer would have offered Jimenez light-duty work at a later date if she had been able to resolve her immigration status. Second, while there was certainly evidence to support the employer’s explanation for ending Jimenez’s employment on January 22, the commissioner did not make a finding on the ground for Jimenez’s termination. For these two reasons, I do not think the present record allows an appellate court to conclude that Jimenez refused an offer of suitable work within the meaning of Iowa Code section 85.33(3). We don’t know whether Staff Management fired her because of her immigration status, and we don’t know whether Staff Management would have offered her suitable work but for her immigration status.
Having said that, I believe that when an employer offers suitable work to an injured employee conditioned on the employee’s obtaining lawful status to work in this country, and the employee is unable to take the position because she does not have the proper paperwork, this amounts to a refusal of suitable work. See Iowa Code § 85.33(3) (2013). Thus, on a proper record, not present here, I would sustain the employer’s argument.
Other jurisdictions appear to be in agreement with this view. See Del Taco v. Workers’ Comp. Appeals Bd., 79 Cal. App.4th 1437, 94 Cal.Rptr.2d 825, 828-29 (2000) (finding a vocational rehabilitation award would be inappropriate when the claimant could not be employed because of his undocumented status and noting such an award would cause the worker to be more protected than a documented worker, who under the same circumstances would be required to return to work for employer under modified duty); Martines v. Worley & Sons Constr., 278 Ga.App. 26, 628 S.E.2d 113, 116 (2006) (finding a worker unjustifiably refused to accept suitable work when the worker’s illegal immigration status “caused his inability to accept the proffered employment” because he could not legally obtain a driver’s license); Gayton v. Gage Carolina Metals, Inc., 149 N.C.App. 346, 560 S.E.2d 870, 874 (2002) (“[I]t is the employer’s burden to produce sufficient evidence that there are suitable jobs plaintiff is capable of getting, ‘but for’ his illegal alien status.”); Reinforced Earth Co. v. Workers’ Comp. Appeal Bd., 749 A.2d 1036, 1040 (Pa.Cmwlth.Ct.2000) (holding that the employer, in order to suspend or modify benefits, must establish the undocumented claimant’s ability to perform other work but need not show actual job availability “as it would be illegal for him to work”).
WATERMAN, J., joins this special concurrence.