[No. B035123. Second Dist., Div. Six. Apr. 5, 1989.]

CHARLES ROY HUTCHINSON, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, SUNBANK
ELECTRONICS et al., Respondents.

COUNSEL

Haynes, Olpin, Wilkison & Stone and Donald W. Haynes for Petitioner.

Stockwell, Morris, Anderson & Harris and Michael L. Terry for Respondents.

OPINION

ABBE, J.—We annul a decision of the Workers' Compensation Appeals Board (Board).

The Board erred in concluding transportation expenses to obtain prescription medication are not compensable under Labor Code section 4600.[1]

After applicant sustained industrial injury, his treating physician prescribed medication. Applicant's claim for transportation expenses to obtain the prescribed medication was submitted to the workers' compensation judge (WCJ) pursuant to a stipulation by the parties that applicant lives in a rural area and has to travel a substantial distance (80 miles) to a pharmacy to obtain medication prescribed by his treating doctor.

---

[1] All section references herein are to the Labor Code.

■ Based on the stipulated facts, the WCJ reluctantly denied applicant's claim. The WCJ properly concluded he was required to follow the opinion of the Board in the denial of a writ opinion in *Rocha* v. *Workers' Comp. Appeals Bd.* (1982) 47 Cal.Comp.Cases 896.

The Board denied applicant's petition for reconsideration.

■ In the instant case, as in *Rocha* v. *Workers' Comp. Appeals Bd., supra,* 47 Cal.Comp.Cases 896, the Board has construed section 4600 as precluding reimbursement for transportation expenses in obtaining prescription medication.

Section 4600 provides: "Medical, surgical, chiropractic, and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches, and apparatus, including artificial members, which is reasonably required to cure or relieve from the effects of the injury shall be provided by the employer. . . ."

■ Although contemporaneous administrative construction of a statute by the Board, as the agency charged with its enforcement and interpretation, is of great weight, it is not necessarily controlling; and courts will depart from the Board's construction where it is clearly erroneous or unauthorized. (*Cannon* v. *Industrial Acc. Comm.* (1959) 53 Cal.2d 17, 22 [346 P.2d 1]; *Industrial Indemnity Co.* v. *Workers' Comp, Appeals Bd.* (1985) 165 Cal.App.3d 633, 638 [211 Cal.Rptr. 683].)

■ Final responsibility for the interpretation of a statute rests with the courts, the ultimate interpretation being an exercise of judicial power to declare the true meaning of the statute even if it requires rejection of an earlier administrative interpretation. (*City of Anaheim* v. *Workers' Comp. Appeals Bd.* (1981) 124 Cal.App.3d 609, 613 [177 Cal.Rptr. 441]; *Crumpler* v. *Board of Administration* (1973) 32 Cal.App.3d 567, 578 [108 Cal.Rptr. 293].)

■ Interpreting section 4600, we begin with the fundamental rule that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ In determining this intent, we give effect to the usual, ordinary import of the words employed in framing the statute. (*Ibid.*) The words must be construed in context, keeping in mind the nature and obvious purpose of the statute in which they appear. (*Ibid.*)

Section 3202 requires us to construe section 4600 liberally to extend its benefits for the protection of persons injured in the course of their employ-

ment (*LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234, 241 [193 Cal.Rptr. 547, 666 P.2d 989]; *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626 [170 Cal.Rptr. 32, 620 P.2d 618]; *Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 668 [150 Cal.Rptr. 250, 586 P.2d 564]).

■ We must bear in mind that the underlying policy of the workers' compensation statutes and their constitutional foundation (Cal. Const., art. XIV, § 4), as well as the recurrent theme of countless appellate decisions on the matter, has been one of pervasive and abiding solicitude for the worker. (*Webb* v. *Workers' Comp. Appeals Bd., supra,* 28 Cal.3d at p. 626; *Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at p. 233; *Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd., supra,* 165 Cal.App.3d at p. 638; see *Johnson* v. *Workers' Comp. Appeals Bd.* (1984) 37 Cal.3d 235, 241 [207 Cal.Rptr. 857, 689 P.2d 1127] [". . . section 3202 'requires the courts to view the [Workers' Compensation Act] from the standpoint of the injured worker, with the objective of securing for him the maximum benefits to which he is entitled.' "].)

■ The Board's interpretation of section 4600 in reliance on *Rocha* v. *Workers' Comp. Appeals Bd., supra,* 47 Cal.Comp.Cases 896, is contrary to the ordinary import of the words employed by the Legislature in framing the statute, and is out of context with the statutory purpose and the underlying policy that workers' compensation statutes be construed liberally in favor of awarding compensation benefits to injured workers. It is also inconsistent with the Board's practice of allowing section 4600 compensation for transportation expenses to medical and chiropractic treatment, rehabilitation and physical therapy. Medication prescribed by a treating physician is no less important "to cure or relieve from the effects of the injury" (§ 4600) than physical therapy and other treatments prescribed by the physician.

To the extent *Rocha* is authority for the proposition that transportation expenses for prescription medication are not compensable under section 4600, *Rocha* is disapproved.

As to the Board's speculation that applicant's trips to the pharmacy might have been unnecessary, the Board has assumed facts not in evidence. The stipulated facts upon which the matter was presented to the WCJ state applicant "*has to* travel . . . up to 40 miles one way in order to obtain his prescriptions," and "applicant lives in a rural area and in the case such as this one at bar when applicant has to travel 80 miles round trip to get his prescriptions, applicant may not be able to obtain his prescriptions without the mileage . . . ." There is no suggestion in the stipulation that other

arrangements might have been made to obtain the prescriptions other than by driving.

For the foregoing reasons, the matter must be remanded to the Board for an award to applicant of transportation (mileage) expenses incurred in obtaining medication prescribed by his physician.

The May 6, 1988, order of respondent Workers' Compensation Appeals Board denying reconsideration is annulled; and the matter is remanded to the Board for further proceedings consistent with the views expressed herein.

Stone (S. J.), P. J., and Gilbert, J., concurred.