53 Cal.Rptr.3d 397 (2007)
146 Cal.App.4th 1032
Dwight SMITH, Petitioner,
v.
WORKERS' COMPENSATION APPEALS BOARD and California Youth Authority, et al. Respondents.
David Amar, Petitioner,
v.
Workers' Compensation Appeals Board and Mel Clayton Ford, et al. Respondents.
Nos. B190054, B190655.
Court of Appeal of California, Second District, Division Six.
January 16, 2007.
*398 William A. Herreras, Grover City, for Petitioner Smith.
Ghitterman, Ghitterman & Feld, Allan S. Ghitterman, Russell R. Ghitterman and Benjamin P. Feld, Santa Barbara, for Petitioner Amar.
State Compensation Insurance Fund, Robert W. Daneri, Chief Counsel, Suzanne Ah-Tye, Assistant Chief Counsel, Don E. Clark, Senior Appellate Counsel, and David M. Goi for Respondents California Youth Authority, Mel Clayton Ford and State Compensation Insurance Fund.
No appearance for Respondent Workers' Compensation Appeals Board.
GILBERT, P.J.
An employee receives a workers' compensation award which includes future medical care. The insurance carrier refuses to furnish some of the treatment but does not institute proceedings to terminate care pursuant to Labor Code section 4607.[1] Here we hold the employee's attorney who succeeds in enforcing the award may receive attorney fees.[2]
In Smith, the worker had been awarded partial permanent disability (PPD), including *399 future medical treatment. Later, his insurance carrier informally denied treatment for Smith's back, but did not file a petition to terminate medical care. (§ 4607.) Counsel for Smith, William A. Herreras, successfully challenged the carrier's denial of that medical care. The Workers' Compensation Appeals Board (Board) denied counsel's request for attorney fees.
In Amar, the parties previously stipulated to an award of future medical care for a foot injury. That care included a weight loss program and treatment for nonindustrial diabetes. The carrier denied both aspects of medical care without filing a petition to terminate care. Amar's attorneys sought reinstatement of this medical care. The Board deemed the weight loss program to be medically necessary treatment, and ordered it reinstated, but it denied attorney fees to Amar's counsel, Russell Ghitterman of Ghitterman, Ghitterman, and Feld (Ghitterman).

Facts and Procedural History

Smith
Smith sustained industrial injuries from cumulative trauma to his right shoulder, neck and psyche while working for the California Youth Authority (CYA). He was awarded PPD, including future medical treatment.
Eight years later, the carrier for CYA, State Compensation Insurance Fund (SCIF), refused to authorize epidural injections to Smith's back. Smith called Herreras, the attorney who originally filed his petition for workers' compensation. Herreras sought utilization review (UR). Pursuant to court order, Smith was examined by an agreed medical examiner (AME) (§§ 4067, 4610), who concluded that Smith needed the injections to relieve his back pain, which was precipitated by work-related injuries. SCIF then authorized the injections without a formal hearing.
The Workers' Compensation Judge (WCJ) denied Smith's request for attorney fees of $1,485, incurred in challenging the carrier's informal denial of medical treatment. The WCJ stated that because the denial of care was not the result of a formal petition to terminate medical treatment, Smith did not establish the right to attorney fees pursuant to section 4607. In a split decision, the Board denied Smith's petition for reconsideration.
The Board majority acknowledged that attorney fees would be available to an applicant who is forced to challenge an insurer's complete refusal to authorize future treatment covered by an award. But, because SCIF refused to provide only part of Smith's care, the Board did not allow attorney fees.

Amar
In Amar, the parties stipulated to an award of future medical care after he sustained an industrial injury to his right foot. That care included treatment for a weight loss program and nonindustrial diabetes, both of which were related to his industrial foot injury. The award provided that "medical-legal expenses" would be paid by defendant, Mel Clayton Ford. Amar's counsel, Ghitterman, received a fee from that initial award.
Based on further UR, SCIF unilaterally denied both aspects of Amar's medical care without petitioning for termination of that care pursuant to section 4607. SCIF refused to pay for further medical care for his diabetes or weight loss program. The Board found that the weight loss program remained medically necessary to relieve the effects of his industrial foot injury, but that continued treatment for diabetes was unnecessary for that purpose. The Board *400 ordered the weight loss program reinstated.
The WCJ ruled that section 4607 does not apply to the Amar case, and denied attorney fees to Ghitterman. On reconsideration, the WCJ opined that SCIF made a good faith denial of medical care. The WCJ did not find that SCIF refused to provide necessary medical care or engaged in unreasonable delay in providing care. Furthermore, the WCJ did not find that SCIF improperly denied previously awarded medical treatment. The Board recommended that section 4607 fees be denied. The Board adopted the WCJ's report, and denied reconsideration.
These petitions for review ensued to challenge the Board's denial of Smith's and Amar's requests for reasonable attorney fees. We granted these petitions to consider whether Herreras and Ghitterman are entitled to such fees.

Discussion
Smith and Amar contend they are entitled to attorney fees within the meaning and spirit of section 4607. Section 4607 provides, in pertinent part, "[w]here a party to a proceeding institutes proceedings to terminate an award made by the appeals board to an applicant for continuing medical treatment and is unsuccessful in such proceedings, the appeals board may determine the amount of attorney's fees reasonably incurred by the applicant in resisting the proceeding ... and may assess ... reasonable attorney's fees as a cost...."
We independently review the meaning and application of WC statutes. (Honeywell v. Workers' Comp. Appeals Bd. (2005) 35 Cal.4th 24, 34, 24 Cal.Rptr.3d 179, 105 P.3d 544.) "Although contemporaneous administrative construction of a statute by the Board, as the agency charged with its enforcement and interpretation, is of great weight, it is not necessarily controlling; and courts will depart from the Board's construction where it is clearly erroneous or unauthorized. [Citations.]" (Hutchinson v. Workers' Comp. Appeals Bd. (1989) 209 Cal.App.3d 372, 375, 257 Cal.Rptr. 240.)
To ascertain the Legislature's intent, we read the words of the statute as a whole, keeping in mind its nature and obvious purpose. (Hutchinson v. Workers' Comp. Appeals Bd., supra, 209 Cal.App.3d at p. 375, 257 Cal.Rptr. 240.) Courts consider the consequences that flow from an interpretation of a statute to prevent mischief or absurdity in its application. (Dyna-Med, Inc. v. Fair Employment & Housing Com. (1987) 43 Cal.3d 1379, 1392, 241 Cal.Rptr. 67, 743 P.2d 1323.) We must liberally construe WC statutes for the purpose of "extending their benefits for the protection of persons injured in the course of their employment." (§ 3202; and see Claxton v. Waters (2004) 34 Cal.4th 367, 373,18 Cal.Rptr.3d 246, 96 P.3d 496.)
SCIF contends we should not construe section 4607 to authorize attorney fees to Smith or Amar because the statute, read literally, does not provide for them unless their attorney is opposing a formal petition to terminate care. But, a literal reading under these facts defeats the statute's purpose. The Board acknowledges that when a carrier informally denies all care, applicant is entitled to attorney fees to enforce the award. We see no difference when a carrier informally denies some of the treatment that is a necessary part of medical care previously awarded. This is tantamount to a petition to deny medical care even though the carrier continues to provide treatment for some of applicant's medical care. (See generally County of Sonoma v. W.C.A.B. (Callahan) (1997) 62 Cal.Comp.Cases 973 (writ denied); United *401 Airlines, RSKCo. v. W.C.A.B. (Dickerson) (1999) 64 Cal.Comp.Cases 1511 (writ denied).) The carrier may not control the awarding of fees to applicant's counsel by choosing not to file a formal petition under section 4607.
Because counsel was required to enforce part of their awards, Smith and Amar are entitled to attorney fees. Providing such fees comports with the cardinal rule of workers' compensation law that it "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (§ 3202.)
Smith and Amar cite two persuasive cases. In United Airlines, RSKCo. v. W.C.A.B. (Dickerson), supra, 64 Cal. Comp.Cases 1511, the applicant's initial claim for a groin injury was settled by a stipulated award which included future medical care. Later, applicant sought authorization for left hip replacement surgery. Defendant denied authorization for the surgery, contending that the need for it did not arise from the industrial injury. Defendant did not petition to terminate medical care, and continued to provide other care. Applicant successfully petitioned for coverage of the hip surgery, which the WCJ deemed was necessary due to the industrial groin injury.
Applicant filed for both section 5814 penalties for delay in providing care, and for attorney fees pursuant to section 4607. Applicant argued that defendant constructively filed a petition to terminate care by refusing to authorize the hip surgery related to his industrial injury. Although the WCJ denied penalties under section 5814, because there was genuine doubt whether the hip surgery was reasonably related to the groin injury, the WCJ concluded that applicant was entitled to attorney fees under section 4607 because he was forced to institute proceedings to enforce the award of future medical treatment. Defendant's petition for reconsideration was denied.
In County of Sonoma v. W.C.A.B. (Callahan), supra, 62 Cal.Comp.Cases 973, the worker sustained an industrial back injury and was awarded permanent disability (PD) with future medical benefits. Later, defendant terminated payments for medical care without filing a petition to do so under section 4607. Applicant sought penalties under section 5814. The WCJ found that the treatment requested was reasonable and necessary, and awarded penalties for delay under section 5814, and attorney fees under section 4607. The WCJ concluded that defendant's denial of care was tantamount to filing a petition to terminate care, thus forcing applicant to institute proceedings to enforce the prior award. The Board denied reconsideration and defendant's petition for review was denied.
As we have stated above, our task is to determine the purpose and intent of the statute, reading it as a whole and in context with the statutory scheme. The meaning of a statute is not limited to a literal reading of its words, especially if such an interpretation leads to mischief or absurdity. In Hutchinson v. Workers' Comp. Appeals Bd., supra, 209 Cal.App.3d at page 375, 257 Cal.Rptr. 240, for example, we annulled a decision of the Board that denied payment for transportation costs incurred in obtaining needed prescription medications even though the literal terms of section 4600 did not provide for such transportation costs. The right to obtain necessary prescription medicines would be hollow unless the means to obtain them were also provided.
Similarly, it would be absurd to deny attorney fees to industrially injured workers simply because the carrier withdrew care without bothering to file a formal petition to do so. If attorney fees are *402 available to counsel who oppose formal petitions, they should be available to counsel who must initiate proceedings to challenge the informal denial of medical care.
California's workers' compensation law functions in large part through the expertise, dedication and professionalism of the attorneys who represent the parties involved in individual cases. Attorneys representing insurance carriers are not expected to work for free. Neither are applicants' attorneys. Insurance carriers who fail to provide previously awarded medical care may not avoid attorney fees to successful applicants' attorneys through the expedient of an informal denial, even when they do so in good faith.
Accordingly, the Board is directed to annul its decisions denying Smith and Amar reasonable attorney fees, and to enter new and different decisions awarding such fees.
We concur: COFFEE and PERREN, JJ.
NOTES
[1] All statutory references are to the Labor Code.
[2] We have consolidated Smith v. Workers' Compensation Appeals Board, No. B190054, and Amar v. Workers' Compensation Appeals Board, No. B190655, under No. B190054 for purposes of opinion.